458 So.2d 842 (1984)
Sarah HUNTER, Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, Appellee.
No. 84-376.
District Court of Appeal of Florida, Second District.
November 7, 1984.
*843 Thomas M. Brondstetter and Curtright C. Truitt of Burnett, Brondstetter & Tew, P.A., Fort Myers, for appellant.
Douglas A. Shropshire, Tallahassee, for appellee.
RYDER, Chief Judge.
Sarah Hunter, a certified residential contractor and the qualifying agent of Hunter Homes, Inc., appeals from a final administrative order of the Department of Professional Regulation, Construction Industry Licensing Board, finding that she diverted funds from and abandoned two construction projects. The Board ordered her to pay a fine of $200.00 and suspended her license for at least one year or until she made restitution of the diverted funds. We reverse.
In April 1979, Hunter Homes, Inc. contracted to build a home for Ludon and Donna Williams. The escrow agent paid Hunter Homes $31,040.00 of $31,550.00 put in escrow by the Williams before Hunter Homes went out of business in August 1979. The Williams' home was not completed. The driveway was only partially finished and the home lacked window sills, toilets, lavatories, a sliding glass door, garage door, stove, dishwasher, carpeting and sod.
Also in April 1979, Hunter Homes contracted to build a home for Marsha Montgomery. In early August, Montgomery made a down payment of $1,600.00. Construction of the home had not begun when Hunter Homes went out of business several weeks later. Because Montgomery's contract did not require the down payment to be placed in escrow, it was subject to the claims of the corporation's general creditors and was not recovered by Montgomery.
The administrative complaint charged Sarah Hunter with diverting funds from both projects and abandoning the Williams project. The complaint sought to revoke or *844 suspend her license as a certified residential contractor. After an administrative hearing, the hearing officer found as facts that Sarah Hunter's husband, Robert, handled the financial affairs of the corporation; that Hunter Homes lost money because of the delay between contracting to sell homes and building them and the resultant inflationary increases in construction costs; that Robert concealed from Sarah the corporation's financial status; and that once Sarah became aware of the financial situation she did all she could to protect corporate creditors. The hearing officer found that Hunter Homes' problem was primarily one of cash flow. The hearing officer concluded that pursuant to section 489.129(1)(h), Florida Statutes (1979),[1] there was no evidence of diversion of funds from either project. He also concluded that Hunter abandoned the Williams project because the corporation went out of business and section 489.129(1)(k), Florida Statutes (1979),[2] does not purport to punish inept business conduct. The hearing officer recommended that the charges against Hunter be dismissed.
The Construction Industry Licensing Board adopted the hearing officer's findings of fact but concluded that Hunter abandoned and diverted funds from both projects in violation of sections 489.129(1)(h) and (k). In addition to fining Hunter and suspending her license, the Board ordered her to make restitution in the amounts of $6,870.00 to the Williams and $2,000.00 to Montgomery.
Initially, we note that although Hunter was charged with abandoning only the Williams project, the Board found her guilty of abandoning both projects. Although a complaint filed by an administrative agency is not required to fulfill the technical niceties of a legal pleading, it must be specific enough to inform the accused with reasonable certainty of the nature of the charges. Seminole County Board of County Commissioners v. Long, 422 So.2d 938 (Fla. 5th DCA 1982), petition for review denied, 431 So.2d 989 (Fla. 1983). Furthermore, a complaint seeking a license revocation must state with specificity the acts complained of, to allow the licensee a fair chance to prepare a defense. Davis v. Department of Professional Regulation, 457 So.2d 1074 (Fla. 1st DCA 1984). The administrative complaint at issue here specifically charged Hunter with abandoning the Williams project and diverting funds from both projects. The complaint gave Hunter no notice that she was accused of abandoning the Montgomery project. Moreover, there was no evidence presented to the hearing officer concerning Hunter's abandonment of the Montgomery project other than evidence that Montgomery made a down payment and Hunter Homes went out of business several weeks later, before construction was begun on Montgomery's home. Under these circumstances, the Board erred in finding that Hunter abandoned the Montgomery project.
We agree with the Board that there was competent, substantial evidence to support the hearing officer's findings of fact. The Board adopted the findings of fact and was free to reject the hearing officer's conclusions of law. Alles v. Department of Professional Regulation, 423 So.2d 624 (Fla. 5th DCA 1982). Having accepted the findings of fact, however, there was no competent, substantial evidence to support the Board's conclusions of *845 law. There was no evidence that Hunter diverted funds from either project or abandoned the Williams project within the meaning of section 489.129(1)(k). Rather, the facts suggest that the Williams' home was not completed because of the increases in construction costs between the time the contract price was established and the beginning of construction. The Montgomery home was not started because Hunter Homes went out of business shortly after Montgomery paid her deposit.
Therefore, we reverse the final order of the Construction Industry Licensing Board and remand to the agency with instructions to dismiss the complaint against Sarah Hunter, as recommended by the hearing officer.
SCHOONOVER and LEHAN, JJ., concur.
NOTES
[1] 489.129 Disciplinary proceedings. 

(1) The board may revoke, suspend, or deny the issuance or renewal of the certificate or registration of a contractor or impose an administrative fine not to exceed $1,000, place the contractor on probation, reprimand or censure, a contractor if the contractor is found guilty of any of the following acts:
....
(h) Diversion of funds or property received for prosecution or completion of a specified construction project or operation when as a result of the diversion the contractor is or will be unable to fulfill the terms of his obligation or contract.
[2] (k) Abandonment of a construction project in which the contractor is engaged or under contract as a contractor. A project is to be considered abandoned after 90 days if the contractor terminates said project without notification to the prospective owner and without just cause.