592 So.2d 717 (1991)
Joseph S. MADDOX, Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, Appellee.
No. 90-3842.
District Court of Appeal of Florida, First District.
December 23, 1991.
Rehearing Denied February 18, 1992.
*718 John T. Allen, Jr. of John T. Allen, Jr., P.A., St. Petersburg, and Edward P. de la Parte, Jr. and David M. Caldevilla, of de la Parte & Gilbert, Tampa, for appellant.
Lisa S. Nelson, Asst. Gen. Counsel, Tallahassee, for appellee.
BARFIELD, Judge.
Joseph Maddox appeals a final order suspending his chiropractic license for two years. We vacate the final order and remand to the hearing officer for reconsideration of the allegations in counts II, III and V.
In February 1990, the Department of Professional Regulation (DPR) filed a five-count *719 complaint against appellant alleging sexual misconduct and unprofessional conduct with five patients. The hearing officer issued a recommended order finding appellant not guilty of counts I and IV, but guilty of the remaining counts.[1] The recommended penalty was a six month suspension followed by two years' probation and an administrative fine of $5,000. Both DPR and appellant filed exceptions to the recommended order with the Board of Chiropractic. The Board granted DPR's exceptions to the hearing officer's findings of fact and conclusions regarding the allegations set forth in count I and found appellant guilty of this count. The Board also granted DPR's exception contesting the "mitigating factors" set forth by the hearing officer in making the penalty recommendation. Based on the rulings on these exceptions, the Board found that an increase in the penalty recommended by the hearing officer was warranted. In the final order, the Board suspended appellant's license for two years commencing January 1, 1991, to be followed by four years' probation, and ordered appellant to pay an administrative fine of $8,000.
Appellant challenges both the proceedings before the hearing officer and the actions of the Board. He contends that the hearing officer erred by refusing to admit the results of his polygraph examination. We conclude that the hearing officer did not abuse his discretion in excluding this evidence. See Lieberman v. Department of Professional Regulation, 573 So.2d 349 (Fla. 5th DCA 1990). Appellant's argument that the hearing conducted below failed to comply with the essential requirements of law because he received ineffective assistance of counsel is without merit. His remedy for ineffective assistance of counsel is a malpractice action.
We also reject appellant's argument that the hearing officer and the Board committed reversible error by finding him guilty of conduct which was not alleged in the amended complaint and which is not prohibited by chapter 460, Florida Statutes. He notes that the hearing officer found him "guilty of unprofessional conduct in attempting to engage patients in sexual activities in his treatment of K.T., M.W. and A.M.T." He contends that the department never pled "sexual misconduct" and/or "unprofessional conduct" and that "unprofessional conduct" is not prohibited by chapter 460.
With regard to each count, the amended complaint alleged appellant "violated section 460.413(1)(s), Florida Statutes, by gross or repeated malpractice or the failure to practice chiropractic at a level of care, skill and treatment which is recognized by a reasonably prudent chiropractic physician as being acceptable under similar circumstances" and "violated section 460.413(1)(w), Florida Statutes, through inducing or attempting to induce the patient to engage, or to engage or attempt to engage the patient in sexual activity outside the scope of practice or the scope of generally accepted examination or treatment of the patient." Section 460.413(1) provides, in pertinent part:
(1) The following acts shall constitute grounds for which the disciplinary actions specified in subsection (2) may be taken:
.....
(s) Gross or repeated malpractice or the failure to practice chiropractic at a level of care, skill, and treatment which is recognized by a reasonably prudent chiropractic physician as being acceptable under similar conditions and circumstances.
.....
(w) Violating any provision of this chapter, any rule of the board or department... .
Section 460.412, Florida Statutes, titled "Sexual misconduct in the practice of chiropractic," provides:
Sexual misconduct in the practice of chiropractic means violation of the chiropractic *720 physician-patient relationship through which the chiropractic physician uses said relationship to induce the patient to engage, or to engage or attempt to engage the patient, in sexual activity outside the scope of practice or the scope of generally accepted examination or treatment of the patient. Sexual misconduct in the practice of chiropractic is prohibited.
A complaint filed by an administrative agency must be specific enough to inform the accused with reasonable certainty of the nature of the charges, but it need not fulfill the technical niceties of a legal pleading. Hunter v. Department of Professional Regulation, 458 So.2d 842 (Fla. 2d DCA 1984). The complaint makes clear the nature of the alleged violations and the statutory provisions allegedly violated. In the recommended order, the hearing officer set forth the provisions of the statutes at issue. The hearing officer and the Board did not err in utilizing generalized terms, where the specific behavior and criteria were made clear and the specific subsections violated were discussed in detail.
Appellant correctly argues that the hearing officer's determination that he was not guilty of count I is supported by competent, substantial evidence and that the Board improperly rejected the hearing officer's findings of fact with regard to this count. The determination in the final order that appellant is guilty with regard to count I is reversed. Because the Board's increase in the penalty from that recommended by the hearing officer was based in part on its finding appellant guilty of an additional count, the penalty imposed in the final order must be vacated.
Remand is necessary with regard to count II, containing allegations regarding appellant's treatment of K.T., because the hearing officer's "conclusions" on this count are actually findings of fact which conflict with the findings of fact set forth earlier in the recommended order. These internal inconsistencies with regard to count II require remand to the hearing officer for additional findings of fact and appropriate conclusions.
The Board shall also direct the hearing officer to reexamine counts III and V on remand. The hearing officer improperly admitted testimony of Sarah Chasse regarding prior bad acts not alleged in the amended complaint. Over objection, Chasse was permitted to testify that she heard conversations of a sexual nature all the time while working for appellant. Chasse was also permitted to describe her own treatment by appellant, including conduct similar to that alleged in the complaint. The hearing officer allowed this testimony on the ground that it established appellant's "pattern of conduct" with his patients. The testimony of Chasse regarding conduct not charged in the complaint is irrelevant and could only have been used to show propensity or bad character. We cannot say that the error in admitting this testimony did not affect the outcome of the matter. Appellant's remaining arguments regarding counts II, III and V are without merit.
The case is remanded to the Board with directions to remand to the hearing officer for reconsideration of counts II, III and V, excluding the improperly admitted testimony. The hearing officer will have to make new recommendations regarding guilt on counts II, III and V, and regarding the appropriate penalty. Upon receiving the recommended order, the Board shall act in accordance with section 120.57(1), Florida Statutes.[2] The final order is vacated.
ZEHMER and ALLEN, JJ., concur.
NOTES
[1] With regard to count IV, the former patient testified that appellant had not engaged in any misconduct during his treatment of her. The recommended finding of not guilty on this count is not contested in this appeal.
[2] We decline at this time to address appellant's argument regarding the Board's failure to render the final order within ninety days, or his remaining arguments regarding the alleged excessiveness or illegality of the penalty set forth in the final order.