622 So.2d 1109 (1993)
Lucy MARRERO, Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF PSYCHOLOGICAL EXAMINERS, Appellee.
No. 92-2370.
District Court of Appeal of Florida, First District.
August 10, 1993.
Robert D. Newell, Jr., and Anna Cam Fentriss of Newell & Stahl, P.A., Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Virginia Daire, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Dr. Lucy Marrero appeals a final order of the Board of Psychological Examiners that permanently denied her application for examination and licensure as a psychologist on the ground that her license to practice psychology in Texas had been suspended based on felony convictions related to her practice of psychology in that state. She urges two points on this appeal. First, she asserts that the Board failed to comply with section 455.2273, Florida Statutes (1991), because it did not impose a penalty in accordance with the disciplinary guidelines set out in rule 21U-18.003(1), Florida Administrative Code, and it did not make any specific findings of the aggravating circumstances that would permit the Board to impose a penalty greater than that provided in the guidelines rule. Second, Dr. *1110 Marrero asserts that the Board's failure to maintain a subject-matter index, as required by sections 120.53-120.533, Florida Statutes (1991), deprived her of notice that the Board might permanently deny her application based on purported precedent and therefore constituted a denial of due process of law. Because the Board concedes on appeal that it did not rely on precedent in permanently denying Dr. Marrero's application, we need not address the second issue. With regard to the first issue, we hold that the Board's exercise of discretion was inconsistent with the requirements in section 455.2273 and rule 21U-18.003 and vacate the order, and pursuant to section 120.68(12), Florida Statutes (1991), we remand with directions for further proceedings.
The facts are undisputed. Dr. Marrero is a psychologist and was licensed to practice psychology in the states of Texas and Tennessee. She filed an application for a license to practice psychology in Florida and, upon review, the Board of Psychological Examiners notified Dr. Marrero of its intent to deny the application on the ground, inter alia, that her Texas license had been suspended due to felony convictions. Pursuant to Dr. Marrero's request, the Board held an informal hearing on her licensure application. Dr. Marrero submitted evidence of the status of her suspended Texas license and evidence of her rehabilitation and fitness to practice psychology. The evidence showed that Dr. Marrero had been convicted of 17 counts of presenting false insurance claims to an agency of the United States (CHAMPUS) and 20 counts of theft of government property having a value in excess of $100. Dr. Marrero explained that she was the supervising therapist in an office whose billing was audited. Although she was responsible for supervising the billing clerks, she contended that she did not personally check all of the thousands of bills they submitted for insurance payments. The auditors determined that approximately $8,000 in billings were fraudulent billings, and she was criminally prosecuted and convicted on the charges enumerated above. After her release from prison, she complied with all conditions of parole and probation, and, according to her probation officer, she not only was fully rehabilitated but was a great asset to the mental health facility at which she served during her probation. The Board entered a final order in which it permanently denied Dr. Marrero's application for examination and licensure in Florida. The Board made a finding of fact that Dr. Marrero's Texas license had been and remained suspended by the regulatory body in Texas, and made the following "conclusion of law":
[T]he applicant's license having been suspended in Texas because of the applicant's felony conviction, the Board has the authority to permanently deny the application here. Section 490.009, Florida Statutes.
The order contains no findings of aggravating circumstances supporting its determination that permanent rather than temporary denial of the application was warranted.[1]
The issue on this appeal turns on the Board's use of the term "permanently" in the order denying Dr. Marrero's application. Dr. Marrero fears that by using the term "permanently" this order conclusively precludes her from ever demonstrating fitness to practice psychology in Florida at some future time, despite the fact that her Texas license has only been suspended and not permanently revoked. She seeks our determination that the action of the Board in "permanently" denying her application in this sense is inconsistent with the requirements of applicable statutes and the Board's rules. According to Dr. Marrero, in the absence of findings showing consideration of the factors set forth in rule 21U-18.003(2), the Board was required to comply with the guidelines in subsections (1)(b) and (c) of that rule specifying a penalty similar to that imposed in Texas, that is, *1111 that the Board should either delay consideration of the application or deny it for a period of time concurrent with the period of suspension imposed by the state of Texas. Thus, Dr. Marrero argues, the Board could not permanently deny her application without considering the factors set forth in rule 21U-18.003(2), Florida Administrative Code, and making specific findings of the aggravating circumstances that support such departure, as required by section 455.2273(3), Florida Statutes, which it did not do.
The Board does not explain what it intended by "permanently" denying the application; hence, we assume that Dr. Marrero is correct in her contention that the permanent denial of the application is intended to mean that this order is a conclusive determination of her application and that the Board will not entertain a renewed application at any future time. The Board merely argues that when it finds that an applicant's license to practice psychology has been suspended in another state, it has the authority pursuant to section 490.009(1)(a), Florida Statutes, to deny the application. According to the Board, "No rulemaking is required to glean the clear legislative intent of that provision." The Board further argues that rule 21U-18.003, Florida Administrative Code, does not limit the Board's statutory authority to deny applications on the ground relied on in this case, and that subsections (1)(b) and (c) of that rule apply only to licensees regulated by the Board, not to applicants for licensure such Dr. Marrero.
The Board's argument does not fully and directly address the precise issue presented by this appeal. The issue is not whether the Board had the statutory authority to deny Dr. Marrero's application for a license to practice psychology based on her felony conviction and related license suspension in the state of Texas. Clearly, the Board had such authority. See § 490.009(1)(a), (2)(b) and (c), Fla. Stat. (1991). Rather, the issue is whether the Board exercised its authority to deny the application in a manner not inconsistent with section 455.2273 and its rule by "permanently" denying the application and thereby imposing a penalty different from that recommended in its own guidelines in rule 21U-18.003 without considering the factors set forth in that rule and without making specific findings of the aggravating circumstances that would support deviation from the recommended guidelines penalty.
Section 455.2273, Florida Statutes (1991), applies to all boards and commissions in the Department of Professional Regulation and provides in pertinent part:
(1) Each board shall adopt, by rule, disciplinary guidelines applicable to each specific ground for disciplinary action which may be imposed by the board.
(2) The disciplinary guidelines shall specify a meaningful range of designated penalties based upon the severity and repetition of specific offenses, it being the legislative intent that minor violations be distinguished from those which endanger the public health, safety, and welfare; that such guidelines provide reasonable and meaningful notice to the public of likely penalties which may be imposed for proscribed conduct; and that such penalties be consistently applied by the board.
(3) A specific finding of mitigating or aggravating circumstances shall allow the board to impose a penalty other than that provided for in such guidelines.
Pursuant to this statutory mandate, the Board promulgated rule 21U-18.003, Florida Administrative Code, aptly entitled "Disciplinary Guidelines." The rule, as amended July 18, 1988, and in effect when this matter was considered by the Board, stated in pertinent part:
(1) When the Board finds an applicant or licensee whom it regulates under Chapter 490, F.S., has committed any of the acts set forth in Section [490.009(2)[2]], F.S., it shall issue a final order imposing *1112 appropriate penalties as recommended in the following disciplinary guidelines.
* * * * * *
(b) Having a license to practice a comparable profession revoked, suspended, or otherwise acted against, including the denial of certification or licensure by another state, territory, or country. The usual recommended penalty against a licensee shall be a penalty generally concurrent with that of the other jurisdiction with the addition of appropriate safeguards as determined by the Board.

(c) Being convicted or found guilty, regardless of adjudication, of a crime in any jurisdiction which directly relates to the practice of the licensee's profession or the licensee's ability to practice that profession. Generally the usual recommended penalty shall be suspension of license until such time as the licensee can, to the Board's satisfaction, demonstrate rehabilitation.

* * * * * *
(f) Maintaining a professional association with any person whom the applicant or licensee knows, or has reason to believe, is in violation of Chapter 490, F.S., or of a rule of the Department of this Board.
* * * * * *
(2) Based upon consideration of the following factors, the Board may impose disciplinary action other than the penalties recommended above:
(a) the severity of the offense;
(b) the danger to the public;
(c) the number of repetitions of offenses;
(d) the length of time since date of violation;
(e) the number of complaints filed against the licensee;
(f) the length of time licensee has practiced;
(g) the actual damage, physical or otherwise, to the patient;
(h) the deterrent effect of the penalty imposed;
(i) the effect of the penalty upon the licensee's livelihood;
(j) any efforts for rehabilitation;
(k) the actual knowledge of the licensee pertaining to the violation;
(l) attempts by licensee to correct or stop violations or refusal by licensee to correct or stop violations;
(m) related violation against a license in another state including findings of guilt or innocence, penalties imposed and penalties served;
(n) any other mitigating or aggravating circumstances.
(Emphasis added.)
The Board's argument that the provisions in paragraphs (1)(b) and (c) of rule 21U-18.003 apply only to licensees regulated under chapter 490 and not to applicants applying for licensure under that chapter is inconsistent with the unambiguous statement in subsection (1) that the guidelines apply to either an "applicant or licensee regulated under Chapter 490... ." The Board's authority to grant or deny applications for licensure on grounds that would support the imposition of discipline against one already holding a license from the Board derives from statutory provisions in chapter 490. Since the Board is bound to comply with its own rules until they have been repealed or otherwise invalidated, it cannot take the position in this case that its rule does not embrace "applicants" for licensure as well as license holders, contrary to the unambiguous language of the rule.
We note with interest that this rule was amended as of April 26, 1993, to delete any reference to an "applicant," but this amendment does not alter our opinion that the Board was required to follow its rules as they read when this matter was considered and the decision was rendered by the order entered in this case. At this time, however, we do not consider any issue concerning whether this amendment to the rule can be applied retroactively, as that question should be addressed first by the Board on remand.
*1113 Attempting to avoid the obvious import of using the word "applicant" in the rule, the Board further argues that if it had intended subparagraphs (1)(b) and (1)(c) to apply to applicants for licensure, it would have said so as it did in subparagraph (1)(f). We do not subscribe to this reading of the unambiguous language of the rule. Paragraph (1) of rule 21U-18.001 contains extensive provisions in subparagraphs (a) through (w), and under this construction of the rule only paragraph (f) would apply to persons whose application for licensure was denied on one or more of the disciplinary grounds authorized by statute. Yet, applications for licensure can be denied on any of the disciplinary grounds described in the other subparagraphs. This construction urged by the Board is patently unreasonable and inconsistent with the express statutory purpose of section 455.2273 to achieve consistency in the application of penalties to persons regulated by the Board. Applicants as well as license holders are regulated by the Board. The Board could have used the word "they" to qualify the noun "person" in subparagraph (f) to achieve the same meaning, and the fact that the Board used the phrase "whom the applicant or licensee knows" only amounts to an express reference to the persons described in the opening statement of paragraph (1) for the purpose of making the sentence in subparagraph (f) grammatically correct. This reference to "applicant or licensee" serves to confirm the manifest intent that rule 21U-18.003 applies in its entirety to "an applicant or licensee whom it regulates under Chapter 490... ."
To summarize, the Board was required by statute and its own rule either to apply the disciplinary guidelines in denying Dr. Marrero's application for licensure in a manner that was consistent with the guidelines in subparagraph (1) of the rule or to consider and apply the factors in subparagraph (2) of the rule authorizing a departure from the guidelines. Any decision by the Board to depart from the guidelines and impose a greater penalty by permanently denying the application will require specific findings as to the factors constituting aggravating circumstances. See § 455.2273(3), Fla. Stat. (1991). Since the Board's exercise of discretion to permanently deny Dr. Marrero's license imposed a greater penalty on the applicant than the suspension imposed by the regulatory authorities in Texas, the Board's decision was inconsistent with section 455.2273(3) and rule 21U-18.003.
This court's authority to remedy this error is set forth in section 120.68, Florida Statutes (1991), which provides in pertinent part:
(12) The court shall remand the case to the agency if it finds the agency's exercise of discretion to be:
(a) Outside the range of discretion delegated to the agency by law; [or]
(b) Inconsistent with an agency rule;
* * * * * *
but the court shall not substitute its judgment for that of the agency on an issue of discretion.
We have considered simply striking the word "permanently" from the appealed order and affirming since the Board made no findings that would support that departure. However, for us to do so would amount to substituting the court's judgment for that of the Board, contrary to section 120.68(12). Accordingly, since the Board's exercise of discretion was inconsistent with the requirements of section 455.2273, Florida Statutes, and rule 21U-18.003, we vacate the order under review and remand to the Board with directions to reconsider and exercise its discretion in acting on Dr. Marrero's application for examination and licensure in a manner that complies with the requirements of the statute and rule as construed in this opinion.
ORDER VACATED AND CAUSE REMANDED.
BARFIELD and MICKLE, JJ., concur.
NOTES
[1] The order also denied Dr. Marrero's application on the ground that the psychology program she completed did not require each student to demonstrate knowledge and use of biological bases of behavior. However, the Board stipulated prior to appeal that Dr. Marrero's lack of a course in this subject does not pose a permanent impediment to her licensure.
[2] The rule mistakenly cites section 490.002(2). There is no subsection (2) to section 490.002, and the parties agree that 490.009 is the statute to which the rule is intended to refer. We accept this construction of the intent of the rule for purposes of this opinion.