879 So.2d 1244 (2004)
J. Antonio ALDRETE, M.D., Appellant,
v.
DEPARTMENT OF HEALTH BOARD OF MEDICINE, Appellee.
No. 1D02-4457.
District Court of Appeal of Florida, First District.
April 19, 2004.
Rehearing Denied August 13, 2004.
*1245 John Beranek; Ausley & McMullen, Tallahassee, for Appellant.
Jennifer E. Fulks & Pamela Page; Dept. of Health, Tallahassee, for Appellee.
HAWKES, J.
The Department of Health brought a three count administrative complaint against Dr. Antonio Aldrete for events that occurred in the treatment of his patient, J.S. The administrative law judge found Dr. Aldrete violated section 458.331(1)(t), Florida Statutes (1999), count I of the complaint, by failing to practice medicine with the level of care, skill and treatment acceptable for a reasonably prudent physician under similar circumstances. The Board of Medicine adopted this finding. The sanctions imposed on Dr. Aldrete include suspension of his medical license for one year, a $5,000.00 fine, and costs in the amount of $25,427.37.
On appeal, Dr. Aldrete raises five claims of error: (1) no competent, substantial evidence supported the finding that he failed *1246 to provide J.S. with the standard of care she was owed; (2) he was found guilty of an uncharged offense; (3) his penalty was increased based on an excluded document related to his medical licensing problems in Ohio; (4) the costs imposed impermissibly included attorney fees; and (5) the penalty was too harsh when compared to penalties the Board imposed in cases that, in Dr. Aldrete's opinion, were more egregious.
We affirm the finding that Dr. Aldrete violated the standard of care as alleged in count I. The Department offered expert testimony that the approximately six hours Dr. Aldrete waited before calling EMS was excessively long. During this period, J.S.' heart rate vacillated between 39 and 153 beats per minute. Such testimony provided competent, substantial evidence to support this finding, even though Dr. Aldrete presented testimony of three doctors who opined the six hours lapse before calling EMS met the level of care, skill and treatment acceptable by a reasonably prudent physician. The credibility of witnesses and weighing of evidence is left to the ALJ. See Gross v. Dep't of Health, 819 So.2d 997 (Fla. 5th DCA 2002).
Dr. Aldrete next alleges he was found to have violated the standard of care by leaving J.S. in the care of an unqualified nurse, an uncharged offense. We agree this offense was not charged in the complaint and Dr. Aldrete can not be disciplined on this ground. See Ghani v. Dep't of Health, 714 So.2d 1113 (Fla. 1st DCA 1998); Maddox v. Dep't of Prof'l Reg., 592 So.2d 717 (Fla. 1st DCA 1992). Since we do not know whether this offense impacted the sanctions imposed by the Board, we remand. On remand, this offense cannot affect the discipline imposed.
Dr. Aldrete next argues his difficulties with his Ohio medical license adversely impacted the discipline the Board imposed. At the hearing, the Board expressly stated it would not consider the Ohio document when determining an appropriate penalty. Dr. Aldrete's argument assumes the Board would have imposed a lesser penalty but for the Ohio document. We do not accept the premise that the Board indicated it would not enhance the penalty as a consequence of this document, and then did so, despite its earlier statement. However, on remand the Board may not enhance Dr. Aldrete's penalty based on the Ohio document.
Next, Dr. Aldrete argues section 455.624(4), Florida Statutes (1999), which permits recovery of "costs relating to investigation and prosecution," cannot include attorney's fees. The cost recovery provision of this statute, which contains the phrase "relating to" is clearly more inclusive than language found in other statutes that allow recovery for "costs of" a successful litigation. However, because Florida has distinguished between "costs" and "fees," we agree the language does not permit recovery of attorney's fees. See In re Hapner, 737 So.2d 1075, 1077 (Fla. 1999); Amendments to the Fla. Rules of Judicial Admin., 780 So.2d 819, 821 (Fla. 2000). Here, it appears attorney's fees were included in the costs assessed against Dr. Aldrete. On remand, the Board must exclude attorney's fees when assessing costs.
Finally, Dr. Aldrete argues his penalty is excessive when compared to penalties imposed by the Board in more egregious cases. Penalty imposition is a complex task requiring the ALJ, in making a recommendation, and the Board, in choosing a penalty, to weigh numerous factors. Ultimately, the decision rests within the Board's sound discretion. See Marrero v. Dep't of Prof'l Reg., 622 So.2d 1109 (Fla. 1st DCA 1993); Lusskin v. *1247 Dep't of Health, 866 So.2d 733 (Fla. 4th DCA, 2004). We cannot say on appeal that Dr. Aldrete's penalty was excessive based on the allegation that others, in Dr. Aldrete's opinion, received more favorable treatment.
We affirm in part, reverse in part, and remand. On remand the Board should discipline Dr. Aldrete without consideration of the uncharged offense or the Ohio document. By this reversal, we do not rule out the Board's ability, upon proper consideration, to impose the same or similar discipline as before.
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
BARFIELD and KAHN, JJ., concur.