920 So.2d 27 (2005)
Anthony Glenn ROGERS, M.D., Appellant,
v.
DEPARTMENT OF HEALTH, Appellee.
No. 1D04-1153.
District Court of Appeal of Florida, First District.
October 18, 2005.
Rehearing Denied February 7, 2006.
*28 Lisa Shearer Nelson, Holtzman Equels, Tallahassee, for Appellant.
Dana Baird, Assistant General Counsel, Department of Health, Bureau of Health Care, Prosecution Services Unit, Tallahassee, for Appellee.
VAN NORTWICK, J.
Anthony Glenn Rogers, M.D., challenges a final order of the Department of Health, Board of Medicine, which placed him on probation, imposed a fine, and ordered attendance of certain courses. Because we find that the Department erroneously reweighed the evidence and rejected the factual findings of the Administrative Law Judge (ALJ) when those findings were based on competent substantial evidence, we affirm in part and reverse in part.
Dr. Rogers is a board certified anesthesiologist and pain management specialist, who, in 1998, undertook the care of patient N.A. This patient suffered from chronic pain resulting from a so-called "failed back syndrome" caused by injuries sustained in several car accidents. This patient had been in the care of other pain management specialists before presenting to Dr. Rogers, who was not a preferred provider under the patient's health maintenance organization (HMO). Prior to treating with Dr. Rogers, the patient had undergone various invasive procedures and did not want any more surgical or invasive treatments. Dr. Roger's treatment, therefore, involved solely drug treatment for management of pain. The medications prescribed by Dr. Rogers included Oxycontin, Dilaudid, Fiorcet, Demerol, and MSIR (a morphine compound), all in substantial dosages. After approximately two years of treatment by Dr. Rogers, the patient's HMO contacted the Department of Health, which then conducted an investigation.
Following the Department's investigation, Dr. Rogers was charged, by an administrative complaint, with three violations. In count I, the Department charged that Dr. Rogers failed to meet the applicable standard of care by failing to document a complete history of N.A.'s complaints; failed to properly diagnose her condition; failed to conduct a physical examination *29 before increasing her dosages of medication; failed to refer the patient to any specialists for evaluation; and/or failed to order any diagnostic testing. In count II, Dr. Rogers was charged with failure to keep adequate medical records by failing to document the patient's complete history, her diagnosis, physical examinations, referrals to specialists, or the results of any diagnostic testing. Finally, in count III, Rogers was charged with improper prescribing in that he allegedly prescribed, dispensed or administered narcotics without first conducting a physical examination or evaluating N.A.'s medical history.
Following a formal administrative hearing, the ALJ issued a recommended order which found that only one count (count II  failure to keep adequate medical records) of the administrative complaint had been proved by the Department. The ALJ recommended that counts I and III be dismissed.
In finding insufficient evidence to support count I, the ALJ made the following findings in paragraph 34 of the recommended order:
34. There is no clear and convincing evidence to establish the facts upon which the violation charged in Count One of the Administrative Complaint is predicated. There is no clear and convincing evidence that the Respondent failed to document a complete history of Patient N.A.'s complaints. Rather, the greater weight of the evidence is to the effect that the patient history documented by the Respondent was "sufficient and appropriate." There is no clear and convincing evidence that the Respondent failed to properly diagnose Patient N.A.'s condition. Rather, the greater weight of the evidence is to the effect that the Respondent's diagnosis was a "sufficient diagnosis." There is no clear and convincing evidence that the Respondent failed to conduct a physical examination before increasing Patient N.A. is [sic] narcotic prescriptions. There is no clear and convincing evidence that the Respondent failed to refer the Patient N.A. to any specialists. Quite to the contrary, the Respondent discussed with the patient her visits to her psychiatrist and also urged the patient on numerous occasions to be seen by an orthopedic surgeon. There is no clear and convincing evidence that it would have been useful for the Patient N.A. to be evaluated by any other specialists. Finally, there is no clear and convincing evidence that the Respondent failed to order any diagnostic tests or studies for Patient N.A. To the contrary, early in his treatment of the Patient N.A. the Respondent concluded that an MRI examination might be used and, when the patient's HMO would not agree to pay for an MRI, the Respondent spent time and effort to find another way for the patient to receive an MRI examination.
In finding insufficient evidence to support a violation as to count III, the ALJ made the following findings in paragraphs 41 and 42 of the recommended order:
41. The scope of the physician misconduct encompassed by the language of Section 458.331(1)(q), Florida Statutes, was discussed at length in the recommended order in Department of Health, Board of Medicine v. Leland M. Heller, M.D., DOAH Case No. 00-4747PL, 2001 WL 666972. There the [Heller] judge stated:
* * * * * *
"The wrongdoing that Section 458.331(1)(q) seeks to prevent, it bears repeating, is "prescribing ... a legend drug ... other than in the course of the physician's professional practice." The underlined language is the gravamen *30 of the offense. To establish guilt, the Department must prove that the accused doctor was not practicing medicine when he prescribed the drugs in question but instead was engaged in an illicit (and probably often times criminal) activity, ..." [Heller decision quoted at greater length in the recommended order.]
42. The observations quoted immediately above are equally applicable here. And for those same reasons, the charge that the Respondent in this case has violated Section 458.331(1)(q), Florida Statutes, should be dismissed.
Because of the lack of sufficient evidence as to counts I and III and the few facts supporting a violation of count II, the ALJ recommended that Rogers be fined only in the amount of $1,000 and be required to attend a records-keeping course.
The Department filed numerous exceptions to the recommended order. Thereafter, the Board of Medicine issued a final order which adopted the ALJ's findings of fact, but which also adopted the exceptions of the Department relating to paragraphs 34, 41, and 42 of the recommended order. Given the adoption of these exceptions, the Board found a sufficient basis to find violations of counts I and III of the administrative complaint. The finding of a violation as to count II was sustained.
On appeal, Rogers argues that the Board erred in adopting the exceptions of the Department relating to paragraphs 34, 41 and 42 of the recommended order, and, as a result, the Board erred in finding that the Department adequately proved counts I and III of the administrative complaint. We agree and reverse the final order of the Board insofar as violations of counts I and III are found.
An agency may adopt the recommended order of the ALJ, or the agency may reject or modify the findings of fact. § 120.57(1)(l), Fla. Stat. (2001). An agency may not reject or modify findings of fact in a recommended order, however, unless the agency states with particularity in its final order that the findings were not based upon competent substantial evidence or that the proceedings on which the findings are based did not comply with the essential requirements of law. Id.; Gross v. Dep't of Health, 819 So.2d 997, 1000-01 (Fla. 5th DCA 2002). The agency is not permitted to reweigh the evidence or judge the credibility of the witnesses. Aldrete v. Dep't of Health, Board of Medicine, 879 So.2d 1244, 1246, (Fla. 1st DCA 2004). If there is competent substantial evidence in the record to support the ALJ's findings of fact, the agency may not reject them, modify them, substitute its findings, or make new findings. Pillsbury v. Dep't of Health, 744 So.2d 1040, 1041 (Fla. 2d DCA 1999); Fonte v. Dep't of Envtl. Regulation, 634 So.2d 663 (Fla. 2d DCA 1994)(noting that an agency may only reject a hearing officer's findings of fact if it determines from a review of the complete record that the findings were not based upon competent, substantial evidence); Kinney v. Dep't of State, Div. of Licensing, 501 So.2d 129, 132 (Fla. 5th DCA 1987)("Although an agency may reject or modify the conclusions of law and interpretation of administrative rules of the hearing officer, it may not reject or modify findings of fact where those findings of fact are based on competent substantial evidence.").
The ALJ in the case before us did not accept the testimony of the expert for the Department as to the inadequacy of the physical examinations undertaken by Dr. Rogers. While the Board did not rely on the Department's expert in finding a violation as to count I, the Board indicated that Rogers' own testimony, and that of his expert, Daniel Brookoff, M.D., was a sufficient *31 basis to find a violation as to this count. However, to read Dr. Rogers' and Dr. Brookoff's testimony as establishing that the minimally required examinations were not given on certain dates is to engage in a fact-finding exercise. The weighing of evidence is solely a matter for the ALJ. Aldrete, 879 So.2d at 1246. It is apparent from the final order that the Board, in finding a violation as to count I, simply reweighed the evidence presented to the ALJ and reached a different result. This was reversible error. See Gross; Aldrete.
Further, the Board erred in finding a violation of count III. In rejecting paragraphs 41 and 42 of the recommended order and thereby finding a violation of count III, the Board concludes in the final order:
15. The findings of fact outlined in paragraphs 12 through 20 of the recommended order, the mixed findings of fact and law outlined in paragraph[s] 4 through 11, and the conclusions of law outlined in paragraphs 13 and 14 support a finding that the Respondent did indeed prescribe, dispense, administer, mixed, or otherwise prepared a legend drug, including any controlled substance, other than in the course of his professional practice as a physician. Therefore, he is found in violation of Section 458.331(1)(q), Florida Statutes, as charged in count 3 of the administrative complaint.
(Italics added).
Section 458.331(1)(q) forbids the prescribing, dispensing, administering, mixing or otherwise preparing a legend drug "other than in the course of the physician's professional practice." The statute further provides that the "prescribing, dispensing, administering, mixing or otherwise preparing legend drugs, including controlled substances, inappropriately or in excessive or inappropriate quantities is not in the best interest of the patient and is not in the course of the physician's professional practice...." (Italics added). There is no finding by the ALJ that the dosages prescribed for patient N.A. were inappropriate or excessive. The Department argues on appeal that the prescriptions were inappropriate because they were not preceded by focused medical examinations. Without affirming the Department's view of subsection (q) that inappropriate dispensing occurs when a prescription is given without a physical examination, we find the Department's argument to be without evidentiary support. As noted previously, the ALJ did not find that Dr. Rogers failed to undertake an appropriate examination before prescribing medication. Such a finding was supplied by the Board when it rejected the ALJ's findings and conclusions regarding count I, and we have already found the Board's action in reweighing the evidence relating to count I to be reversible error. Accordingly, the Board may not premise a violation of count III on its erroneous ruling as to count I.
Dr. Rogers also argues on appeal that the Board erred in increasing the penalty recommended by the ALJ. Because we find that the Board erred in finding a violation as to counts I and III, the penalty imposed by the Board is reversed in its entirety. As was the case in Aldrete, the Board is not precluded on remand from imposing the same or similar discipline as before with respect to count II, so long it is within the statutory range. On remand, should the Board impose its "Standard Terms" upon Rogers, it shall justify such terms by reference to a promulgated rule or other appropriate authority.
Accordingly, the final order of the Board of Medicine is affirmed in part, reversed in *32 part, and remanded for further proceedings consistent with this opinion.
POLSTON and THOMAS, JJ., concur.