# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D23-1494
Lower Tribunal No. 21-1268

_____

WELLSPRINGS RESIDENCE, LLC,

Appellant,

v.

AGENCY FOR HEALTH CARE ADMINISTRATION,

Appellee.

_____

Appeal from the Agency for Health Care Administration.

February 16, 2024

WHITE, J.

Wellsprings Residence, LLC ("Wellsprings") appeals a final order of the Agency for Health Care Administration ("AHCA").[1] We have jurisdiction. *See* Fla. R. App. P. 9.030(b)(1)(C); § 120.68(1)(a), (2)(a), Fla. Stat. (2022). Because we find that AHCA improperly modified and rejected some factual findings made by the Administrative Law Judge ("ALJ"), we affirm in part and reverse in part.

---

[1] This case was transferred from the Fifth District Court of Appeal to this Court on January 1, 2023.

## Background

Wellsprings is an assisted living facility licensed and regulated by AHCA. AHCA completed several surveys of Wellsprings to ensure compliance with applicable statutes and rules. After each survey, AHCA provided a statement of deficiencies that cited Wellsprings with violations of specific statutes or rules. AHCA then filed a multi-count administrative complaint that sought to impose a $16,500 fine and a $1,000 survey fee against Wellsprings. Wellsprings denied the allegations and requested a formal hearing before the ALJ.[2]

The ALJ conducted a three-day evidentiary hearing and gave each party an opportunity to file a proposed recommended order ("PRO"). After considering each party's PRO, the ALJ issued a recommended order that found in favor of AHCA on several counts and recommended that AHCA impose a $3,000 fine and a $500 survey fee against Wellsprings. Both parties filed exceptions to the recommended order.

AHCA granted an exception to a scrivener's error, granted in part the exceptions regarding Counts IX, X, XI and XIII, and denied the other exceptions. Accordingly, AHCA issued a final order that corrected the scrivener's error, rejected the ALJ's findings in favor of Wellsprings on Counts IX, X, XI and XIII, modified

---

[2] Wellsprings did not argue below or on appeal that the administrative proceeding here violated Wellsprings' right to a jury trial under the Florida Constitution or the United States Constitution.

2

those to be findings in favor of AHCA, imposed a $10,000 fine and a $1,000 survey fee, and otherwise adopted the ALJ's recommended order. Wellsprings timely appealed.

**Analysis**

We review administrative findings of fact for competent, substantial evidence, but review administrative conclusions of law *de novo*. *See* § 120.68(7)(b), (d), Fla. Stat. (2022); *Diaz v. Nw. Fla. Water Mgmt. Dist.*, 355 So. 3d 972, 973-74 (Fla. 1st DCA 2023). An agency may issue a final order adopting the recommended order of an ALJ. *See* § 120.57(1)(*l*), Fla. Stat. (2022). It may not, however, reject or modify an ALJ's findings of fact unless it "determines from a review of the entire record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with the essential requirements of law." *Id.*

"If there is competent substantial evidence in the record to support the ALJ's findings of fact, the agency may not reject them, modify them, substitute its findings, or make new findings." *Rogers v. Dep't of Health*, 920 So. 2d 27, 30 (Fla. 1st DCA 2005); *see also Lantz v. Smith*, 106 So. 3d 518, 521 (Fla. 1st DCA 2013). An agency is prohibited from reweighing evidence, evaluating credibility of witnesses, determining whether evidence was clear and convincing, or deciding whether actual or constructive knowledge was proved. *See Rogers*, 920 So. 2d at 30; *Brogan v.*

3

*Carter*, 671 So. 2d 822, 823 (Fla. 1st DCA 1996); *Goin v. Comm'n on Ethics*, 658 So. 2d 1131, 1138-39 (Fla. 1st DCA 1995).

"An agency cannot circumvent the requirements of the statute by characterizing findings of fact as legal conclusions." *Dep't of Labor & Emp. Sec. v. Little*, 588 So. 2d 281, 282 (Fla. 1st DCA 1991). The substance, not the label, of the ALJ's ruling governs an appellate court's determination of whether the ruling was a conclusion of law or a finding of fact. *See Kanter Real Est., LLC v. Dep't of Env't Prot.*, 267 So. 3d 483, 489 (Fla. 1st DCA 2019); *Goin*, 658 So. 2d at 1138. "[T]he question of whether the facts, as found in the recommended order, constitute a violation of a rule or statute, is a question of ultimate fact which the agency may not reject without adequate explanation." *Id.*; *see also Kanter Real Est., LLC*, 267 So. 3d at 489.

Here, AHCA improperly modified and rejected the ALJ's factual findings regarding Counts IX, X, XI and XIII.[3] Count IX alleged a violation of sections 408.809(1)(e) and 429.174, Florida Statutes, based on a survey on February 4, 2020. AHCA modified paragraph 102 because it found the ALJ incorrectly stated that Count IX charged Wellsprings with a violation of a different statute and rule. AHCA misread that paragraph. Paragraph 102 states that "Wellsprings was cited with a

---

[3] Applying the law discussed *supra*, we conclude that the paragraphs modified and rejected by AHCA are findings of fact, regardless of label.

4

violation of section 429.28(1) and (2), and rule 59A-36.007(5)" after the survey on February 4, 2020.[4] That finding refers to the violation cited in the statement of deficiencies. Since Wellsprings was not cited for a violation of sections 408.809(1)(e) and 429.174 after the survey on February 4, 2020, the ALJ had competent, substantial evidence to find against AHCA on Count IX. Because AHCA did not state to the contrary as required by section 120.57(1)(*l*), it could not modify or reject the ALJ's findings of fact regarding that count.

As to Counts X and XIII, the final order shows that AHCA reweighed the evidence, evaluated the credibility of the witnesses, determined that the evidence was clear and convincing, and decided that actual or constructive knowledge was proved, then modified and rejected the ALJ's factual findings to reach its intended result. This ran afoul of Florida law because the ALJ's findings of fact were supported by competent, substantial evidence.

AHCA improperly modified and rejected the ALJ's findings regarding the $500 survey fee sought by Count XI because that ruling was premised on its erroneous rulings on Counts IX and X. Similarly, AHCA erred by imposing a $7,000 fine based on its improper rulings on Counts IX, X and XIII.

---

[4] We observe that paragraph 37 of AHCA's PRO uses virtually identical language for a proposed finding of fact in Count IX.

## Conclusion

For all the foregoing reasons, we reverse the final order as to Counts IX, X, XI and XIII. Otherwise, we affirm without further discussion. We remand for entry of a final order adopting the ALJ's recommended order and correcting the scrivener's error in paragraph 53.

AFFIRMED in part; REVERSED in part; and REMANDED.

SMITH and MIZE, JJ., concur.

Susan I. Kornegay, Winter Springs, for Appellant.

Tracy Lee Cooper George, Chief Appellate Counsel, of the Agency for Health Care Administration, Tallahassee, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED