356 So.2d 908 (1978)
FIAT MOTORS OF NORTH AMERICA, INC., Petitioner,
v.
John D. CALVIN As Director, Division of Motor Vehicles of the State of Florida, and the Division of Motor Vehicles of the State of Florida, and Alpine Motors, Inc., a Florida Corporation, Respondents.
No. FF-223.
District Court of Appeal of Florida, First District.
March 28, 1978.
Franklyn A. Johnson, Jr. of Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, and Greenbaum, Wolff & Ernst, New York City, for petitioner.
Edwin E. Strickland, Gen. Counsel, and Enoch J. Whitney, Asst. Gen. Counsel, for Dept. of Highway Safety and Motor Vehicles, Tallahassee, for respondents.
SMITH, Judge.
By petition for writ of prohibition, which we treat as a petition for review of preliminary agency action, Section 120.68(1), Florida Statutes (1977), Fiat Motors of North America, Inc., seeks review of an order of the Division of Motor Vehicles of the Department of Highway Safety and Motor Vehicles in which the Division assumed jurisdiction to determine if Fiat unfairly canceled the dealership franchise of Alpine Motors, Inc. Section 320.641(3), Florida Statutes (1977), provides:

*909 (3) Any motor vehicle dealer whose franchise agreement is discontinued, canceled, or not renewed may, within [90 days before the date of cancellation], file with the [Department of Highway Safety and Motor Vehicles] a verified complaint in triplicate for a determination of unfair discontinuation or cancellation. Agreements and certificates of appointment shall continue in effect until final determination by the department of the issues raised in such complaint by the motor vehicle dealer, and no replacement motor vehicle dealer shall be named for this point or location to engage in business prior to the final adjudication by the department on the discontinuation, cancellation, or failure to renew.
When Fiat notified Alpine, a Fort Lauderdale dealer, that its dealership would be discontinued in 90 days, Alpine sent an unsworn letter to the Division asserting that the planned termination was "highly unfair" for stated reasons. Accepting Alpine's letter in lieu of the verified complaint required by the statute, respondent Calvin, director of the Division, entered an order setting a hearing under Section 320.641(3).
Alpine's failure to timely file the required verified complaint left the Division without jurisdiction and, upon expiration of the 90-day period for initiating proceedings, without power to acquire jurisdiction. Administrative agencies are creatures of statute and have only such powers as statutes confer. State ex rel. Greenburg v. Florida State Board of Dentistry, 297 So.2d 628, 634 (Fla. 1st DCA 1974), cert. dismissed, 300 So.2d 900 (Fla. 1974). It follows that the Division could not dispense with the requirement that proceedings be initiated by a verified complaint.
This is an appropriate case for our intervention to review preliminary agency action. Section 320.641(3) provides that the dealer's filing of a verified complaint, without more, stays the licensee's cancellation of a dealer franchise and prevents the granting of another franchise at that location until the merits are determined. The agency's preliminary action in taking unwarranted jurisdiction therefore has immediate and substantial adverse consequences for the licensee, Fiat, for which review after final agency action will not be an adequate remedy.
The petition for review is GRANTED and the agency proceedings are QUASHED.
MILLS, Acting C.J., and ERVIN, J., concur.