609 So.2d 125 (1992)
James K. GORDON, Appellant,
v.
STATE of Florida Commission ON ETHICS, Appellee.
No. 91-0202.
District Court of Appeal of Florida, Fourth District.
November 25, 1992.
Rehearing and Certification Denied December 30, 1992.
*126 Michael W. Moskowitz and William G. Salim, Jr., of Borkson, Simon, Moskowitz & Mandell, P.A., Fort Lauderdale, for appellant.
Philip C. Claypool, General Counsel, Com'n on Ethics, and Craig B. Willis, Asst. Atty. Gen., Department of Legal Affairs, Tallahassee, for appellee.
PER CURIAM.
James K. Gordon appeals from a final order and public report rendered by the State of Florida Commission on Ethics dated December 20, 1990. The order held that appellant, while a member of the Coral Springs City Commission, violated sections 112.313(6) and 112.313(7), Florida Statutes (1989). The order recommended that appellant suffer reprimand by the governor, pay a civil penalty in the amount of $12,200.00, and pay a restitution penalty in the amount of $50.00 to the State of Florida.
We affirm the commission's ruling that appellant violated section 112.313(7) by virtue of his employment with two City of Coral Springs franchisees. We reject appellant's argument that his reliance on the city attorney's advice should be construed as a complete defense to these charges. We also affirm the commission's conclusion that appellant violated section 112.313(6) when he used city stationery to promote a symposium for which he received compensation.
Appellant contends that the commission failed to apply the correct standard for review of the hearing officer's findings of fact when it concluded that appellant's actions regarding a sign variance and a developer's agreement violated section 112.313(6). He also contends that the commission's conclusions of law constitute findings of fact which conflict with the hearing officer's findings.
*127 Appellant correctly argues that the commission's standard for review is whether no competent, substantial evidence existed to support the hearing officer's findings of fact. Section 120.57(1)(b)10, Florida Statutes (1991), provides:
The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order, but may not reject or modify the findings of fact unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law.
The hearing officer concluded that appellant did not violate section 112.313(6) with reference to the approval of the sign variance. He made the following express findings of fact: Appellant "never directed Andrea Moore to take any action to approve the requested K-Mart sign variance;" "did not directly threaten her regarding her actions relative to the K-Mart sign variance, in the context of indicating that if she took any particular action with respect to the sign variance that a particular consequence would follow;" and "never directly advocated or offered to advocate the position of the CSJV [Coral Springs Joint Venture] with City staff or the City Commission." Notwithstanding the commission's adoption of the hearing officer's findings of fact, the commission granted the advocate's exception to the hearing officer's conclusion regarding this charge. The commission stated:
The Hearing Officer concludes in paragraph 83 that the Respondent did not act "corruptly," simply because the Respondent believed that Ms. Moore's actions were incorrect and because the criticism of a city attorney, even if in harsh tones of voice, was not inconsistent with the proper performance of his public duties. The Commission disagrees with this legal conclusion. The fact that the Respondent was acting under the erroneous belief that the Assistant City Attorney's actions were improper, by itself, does not mandate the conclusion that the Respondent did not act with "wrongful intent." As the Advocate points out in his exception, the Respondent's criticisms related to the development of property with which he had private involvement, he was attempting to direct how a member of the City's staff should perform her public responsibilities, and he lacked the authority as an individual Commission member to tell a member of the City Attorney's Office how to perform her job. These factors indicate that the Respondent acted with wrongful intent and in a manner that was inconsistent with the proper performance of his public duties.
The commission determined that it is a violation for an individual city commissioner, admittedly having a pecuniary interest in the outcome of the matter, to approach an assistant city attorney and discuss her handling of that matter. The hearing officer felt that in the absence of threats, promises or an order to perform in a certain manner, there was an absence of that "corrupt intent" which would constitute a violation. The commission, accepting the factual matrix established by the hearing officer's findings, nevertheless disagreed that no violation was made out by the competent, substantial evidence.
While the issue may be a mixed question of fact and law, this court is committed to the view that the commission may not reject a finding which is substantially one of fact by simply treating it as a legal conclusion. We disapproved of this procedure in Greseth v. Dept. of Health & Rehab. Serv., 573 So.2d 1004 (Fla. 4th DCA 1991), wherein we stated:
An administrative agency may not reject the hearing officer's finding unless there is no competent, substantial evidence from which the finding could reasonably be inferred. "The agency is not authorized to weigh the evidence presented, judge credibility of witnesses, or otherwise interpret the evidence to fit its desired ultimate conclusion." Heifetz v. *128 Dep't. of Bus. Reg., 475 So.2d 1277, 1281-1282 (Fla. 1st DCA 1985)... .
Furthermore, the agency's responsibility to determine if substantial evidence supports the hearing officer's conclusions cannot be avoided by labeling contrary findings as "conclusions of law." Substituted fact finding, thinly disguised as a conclusion of law, is wholly improper. "[A]n agency's reliance upon its own expertise to reverse a hearing officer's finding of no violation may not be sustained."
Id. at 1006-07 (citations omitted).
Accordingly, we reverse the commission's determination on this issue. In all other respects we affirm the public report rendered by the State of Florida Commission On Ethics.
DOWNEY, HERSEY and DELL, JJ., concur.