616 So.2d 1061 (1993)
James E. CRAWLEY, Appellant,
v.
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Appellee.
No. 92-1442.
District Court of Appeal of Florida, First District.
April 5, 1993.
*1062 Stephen W. Foxwell and Gene "Hal" Johnson, Tallahassee, for appellant.
Enoch J. Whitney, Gen. Counsel, and Judson M. Chapman, Asst. Gen. Counsel, Tallahassee, for appellee.
PER CURIAM.
Appellant, James E. Crawley, seeks review of a final order of the Public Employees Relations Commission (PERC) imposing discipline for willful violation of statutory authority, rules, regulations, or policies. We reverse.
The Department of Highway Safety and Motor Vehicles (Department) notified appellant, an officer with the Florida Highway Patrol, that he would be suspended based on his failure to obtain prior written authorization from his troop commander to work an off-duty police detail at the Delray Swap Shop on May 13, 1990.[1] The disciplinary offense charged was "willful violation of statutory authority, rules, regulations, or policies."
Appellant appealed his suspension to PERC. The hearing officer issued a recommended order finding that appellant's failure to obtain prior written authorization for off-duty employment at the Swap Shop was not a conscious, intentional or deliberate act, but was instead inadvertent. The Department filed exceptions to the recommended order, arguing that knowledge of the policy, coupled with a failure to comply with the policy, is sufficient to constitute willful conduct.
*1063 PERC concluded that the facts show that appellant's actions met the Bond[2] test for willfulness, which is: (1) the agency's policy is clear and unambiguous; (2) the employee had knowledge of the policy; (3) the proscribed conduct was the result of a conscious, intentional act; and (4) the employee had no justifiable excuse for his actions. PERC observed in its order: "The hearing officer's analysis of this issue is entirely predicated upon her conclusion that Crawley took no intentional action. This is incorrect, because like officer Brazee in Bond, Crawley acted intentionally when he repeatedly worked the Swap Shop detail." PERC concluded that the Department had cause for disciplinary action.
Appellant argues that the hearing officer's determination that his conduct was not willful was a factual determination, and that PERC erroneously rejected this finding of fact. The Department argues that PERC did not reject a finding of fact but instead drew a contrary legal conclusion from that of the hearing officer based on the undisturbed findings of fact.
The determination of whether a violation of policy was willful is "susceptible to ordinary methods of proof" and is "not infused with policy considerations;" PERC could claim no special expertise in determining whether a violation of policy was willful. Heifetz v. Department of Business Regulation, 475 So.2d 1277, 1282 (Fla. 1st DCA 1985). The determination of whether appellant's violation of policy was willful is a factual determination to be made by the hearing officer. PERC may not reject the hearing officer's finding unless there is no competent, substantial evidence from which the finding could reasonably be inferred. Sec. 120.57(1)(b)(10), Fla. Stat. (1989). See Greseth v. Department of Health & Rehabilitative Services, 573 So.2d 1004 (Fla. 4th DCA 1991) (PERC may not reject hearing officer's finding that employee did not willfully violate policies; PERC was not operating in an area of special expertise and hearing officer's finding of fact was supported by competent substantial evidence.); Smith v. Department of Health & Rehabilitative Services, 555 So.2d 1254 (Fla. 3d DCA 1990) (Where reasonable people could differ as to whether the employee was negligent in her duties as charged, PERC was bound by the hearing officer's reasonable inference of nonnegligence based on the conflicting inferences arising from the evidence.).
PERC erred in rejecting the hearing officer's finding of fact and substituting its own finding of fact on the issue of whether appellant's violation of policy was willful. PERC was not provided with a transcript of the hearing conducted before the hearing officer and therefore had no basis for rejecting or modifying the hearing officer's finding of fact. The order under review is reversed and the cause is remanded to PERC with directions to enter a final order consistent with the hearing officer's findings of fact.
REVERSED and REMANDED.
ERVIN, ZEHMER and BARFIELD, JJ., concur.
NOTES
[1] The Department also charged appellant with other violations of policies concerning off-duty employment found in the Florida Highway Patrol Policy Manual: (1) exceeding the maximum number of hours permitted for on-duty and off-duty employment combined; (2) incorrect mileage reimbursement when a patrol vehicle is used for off-duty employment. The hearing officer found that appellant did not willfully exceed the maximum number of work hours permitted and that the Department failed to prove by a preponderance of the evidence that appellant violated the mileage reimbursement policy. PERC adopted the hearing officer's findings and conclusions with regard to these charges.
[2] Bond and Brazee v. Department of Highway Safety and Motor Vehicles, 6 FCSR 099 (1991).