ERVIN, Judge.
This appeal arises from an order entered by the Agency for Health Care Administration (AHCA), which denied interim rate increase requests submitted by Sunrise Community, Inc., in August 1995. In the requests, Sunrise sought an increase in its Medicaid reimbursement rate for costs incurred by several of its facilities relating to program expansion begun in 1993. The hearing officer, in his recommended order, found that AHCA’s Medicaid Office had received prior approval from the agency’s Office of Developmental Services for the items in the interim rate increase requests, and that Developmental Services had taken the position that it could not disapprove the requests, because it had approved similar requests submitted in 1993 and 1994 relating to the same items. AHCA rejected the hearing officer’s findings, stating there was no competent, substantial evidence (CSE) to prove that Developmental Services gave its approval to the items in the interim rate requests. It further maintained that written approval, which Sunrise did not obtain, was required, and, that the hearing officer’s approval finding was inconsistent with evidence in the record showing that Developmental Services did not possess authority to approve the interim rate increase requests, instead such was the responsibility of the Medicaid Office. Because the hearing officer’s findings are supported by CSE, we reverse and remand with directions.
The law in Florida is clear that an agency, in reviewing a recommended order, may not reject or modify findings of fact contained therein, unless the agency first states with particularity in its order that the recommended findings are not supported by CSE, or that the proceedings on which the findings were based did not comply with essential requirements of law. See § 120.57(1)(a)10, Fla. Stat. (1995). See also Crawley v. Department of Highway Safety & Motor Vehicles, 616 So.2d 1061 (Fla. 1st DCA 1993); Department of Business & Prof. Reg. v. McCarthy, 638 So.2d 574 (Fla. 1st DCA 1994).
Here, there is ample evidence to uphold the hearing officer’s finding of prior approval by the Office of Developmental Services. Sunrise’s President and CEO, Leslie Leech, testified that Assistant Secretary Richard Lapore of the Office of Developmental Services had approved of the projects in 1993, and that Lapore’s successor, Charles Kim-ber, also had approved them in 1994. Additionally, Roy Vaughn, a former Developmental Services employee who is Sunrise’s Vice President, testified of Lapore’s prior approval, and Frank Hughes, the head of AHCA’s Medicaid Office, testified that his office had approved the interim rate increase requests in 1993 and 1994. Finally, Donna Allen, Hughes’s successor, testified that Kimber had approved the prior interim rate requests; and CPA Joseph Mitchell testified that all the items in the 1995 requests were associated with previously approved interim rate increase requests. Donna Allen added that if Lapore had approved the projects in 1993, it would not have been necessary to obtain additional approval and that there had been no previous requirement that the approval be in writing. The foregoing constitutes CSE to support the hearing officer’s finding that the *1137 Office of Developmental Services verbally approved the projects and that additional written approval was not required. Consequently, it was error for AHCA to reject the recommended order on that basis. See § 120.57(1)(a)10; Crawley; McCarthy.
As for AHCA’s assertion that approval is not within Developmental Services’ authority, this is not a sufficient reason for rejecting the hearing officer’s finding of approval. Although the record confirms, through the testimony of Donna Allen and Roy Vaughn, that Developmental Services does not actually approve the interim rate increase requests, rather AHCA does so through its Medicaid Office; nevertheless, the defense asserted by AHCA and tried at the hearing was Sunrise’s failure to comply with section III.G.7 of the reimbursement plan, which addresses Developmental Services’ prior approval of capital additions and projects, which Sunrise had obtained.
Based on our disposition of the prior approval issue, we find it unnecessary to consider the remaining points raised by Sunrise.
REVERSED and REMANDED with directions that AHCA grant Sunrise’s August 1995 interim rate increase requests.
KAHN and DAVIS, JJ., concur.