803 So.2d 763 (2001)
Robert C. McGANN, Appellant,
v.
FLORIDA ELECTIONS COMMISSION, Appellee.
No. 1D00-3494.
District Court of Appeal of Florida, First District.
November 6, 2001.
Rehearing Denied January 14, 2002.
Lilliana M. Farinas of Quarles & Brady, LLP, Naples and Robert B. McKay of Carney & McKay, Garden City, NY, for Appellant.
*764 Robert A. Butterworth, Attorney General; John J. Rimes, III, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
Dr. Robert C. McGann sought the Republican nomination for a seat on the North Naples Fire Commission in the fall of 1996. More than a year after his unsuccessful campaign, the Florida Elections Commission entered an order of probable cause, alleging that he had violated eight separate provisions of Chapter 106, Florida Statutes (1995). We now reverse the final order the Florida Elections Commission entered on August 7, 2000, and remand with directions.
Upon receipt of the order of probable cause, Dr. McGann disputed all allegations and requested a formal administrative hearing. In accordance with section 120.569(2), Florida Statutes (1997), the Florida Elections Commission referred the matter to the Division of Administrative Hearings. After a formal hearing before the Hon. Robert E. Meale, the administrative law judge (ALJ) found that, except as to section 106.19(1)(b), none of the violations was "willful." As to the section 106.19(1)(b) violation, the ALJ recommended the maximum penalty for one count, a fine of $1000. See § 106.265(1), Florida Statutes (1995).
In its final order, however, the Florida Elections Commission recast the recommended order's findings of fact as conclusions of law. The final order also applied a statute that took effect after the acts and omissions in question in concluding that, "as a matter of law," any violation that had occurred had been willful. See Ch. 97-13, § 1, at 86, § 56, at 136, Laws of Fla. (effective Jan. 1, 1998 and codified at § 106.37, Fla. Stat. (1997)). In addition, the final order treated the section 106.19(1)(b) violation as six separate "counts," and fined Dr. McGann a total of $9600.
Willfulness is a question of fact. See Crawley v. Dep't of Highway Safety and Motor Vehicles, 616 So.2d 1061, 1063 (Fla. 1st DCA 1993). A reviewing agency like the Florida Elections Commission cannot evade statutory restrictions on its ability to reject an ALJ's findings of fact by denominating such findings conclusions of law. See § 120.57(1)(l), Fla. Stat. (2000); Gordon v. State Comm'n on Ethics, 609 So.2d 125, 127 (Fla. 4th DCA 1992) ("[T]his court is committed to the view that the commission may not reject a finding which is substantially one of fact by simply treating it as a legal conclusion."); Dep't of Labor and Employment Sec. v. Little, 588 So.2d 281, 282 (Fla. 1st DCA 1991) ("An agency cannot circumvent the requirements of the statute by characterizing findings of fact as legal conclusions.") (citing Silver Sand Co. v. Dep't of Revenue, 365 So.2d 1090, 1093 (Fla. 1st DCA 1979)); Kinney v. Dep't of State, 501 So.2d 129, 132 (Fla. 5th DCA 1987) ("Erroneously labeling what is essentially a factual determination a `conclusion of law,' whether by the hearing officer or the agency does not make it so, and the obligation of the agency to honor the hearing officer's findings of fact may not be avoided by categorizing a contrary finding as a `conclusion of law.'"). The final order found Dr. McGann had acted willfully in matters as to which the recommended order had found that willfulness had not been proven.
Administrative agencies cannot, moreover, apply statutes ex post facto to authorize sanctions for acts or omissions antedating enactment that were not sanctionable at the time they took place. See Childers v. Dep't of Envtl. Prot., 696 So.2d 962, 964 (Fla. 1st DCA 1997) ("The version of a statute in effect at the time grounds for disciplinary action arise controls."); *765 Life Care Ctrs. v. Sawgrass Care Ctr., 683 So.2d 609, 613 (Fla. 1st DCA 1996).
The general rule is that a substantive statute will not operate retrospectively absent clear legislative intent to the contrary, but that a procedural or remedial statute is to operate retrospectively. Arrow Air, Inc. v. Walsh, 645 So.2d 422 (Fla.1994); Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352 (Fla.1994); City of Lakeland v. Catinella, 129 So.2d 133 (Fla.1961). Even when the Legislature does expressly state that a statute is to have retroactive application, this Court has refused to apply a statute retroactively if the statute impairs vested rights, creates new obligations, or imposes new penalties. Alamo; State v. Lavazzoli, 434 So.2d 321 (Fla.1983); Seaboard Sys. R.R. v. Clemente, 467 So.2d 348 (Fla. 3d DCA 1985).
State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So.2d 55, 61 (Fla.1995) (finding that section 627.727(10) could not be applied retroactively because it significantly altered the language used to determine fines imposed on a violator). Commission counsel conceded at oral argument that the ALJ's findings as to willfulness must stand, absent retroactive application of section 106.37, Florida Statutes (1997).[1]
The ALJ construed the allegation that Dr. McGann had violated section 106.19(1)(b) "on multiple occasions" as a single count, and recommended the maximum penalty authorized for a single count. "The commission is authorized upon the finding of a violation of [Chapter 106] to impose civil penalties in the form of fines not to exceed $1,000 per count." § 106.265(1), Fla. Stat. (1995). Despite the statute and the ALJ's recommendation, the Florida Elections Commission found Dr. McGann guilty of six separate counts of violating section 106.19(1)(b), even though only a single paragraph had charged that Dr. McGann had violated section 106.19(1)(b). This was error.
The charging document in the present case was the order of probable cause the Florida Elections Commission adopted on its executive director's recommendation. It set out eight unnumbered paragraphs, one for each statutory provision Dr. McGann allegedly violated. In one paragraph, it alleged that he
violated the following section(s) of Chapter 106, Florida Statutes:
. . . .
Section 106.19(1)(b), Florida Statutes, failure of a person to report a contribution required to be reported by this chapter, on multiple occasions; and....
Concluding the quoted paragraph was proven, the ALJ found that Dr. McGann *766 violated section 106.19(1)(b) by willfully[2] failing to report six[3] contributions in a timely manner, and recommended that appellant be fined $1000 therefor, because the order of probable cause did not charge these violations in separate counts so denominated.
While we do not adopt the ALJ's view that "[t]o construe the charging document more broadly would ... [deprive] Respondent of reasonable notice of the theory of the case against him," we hold that a statute authorizing a maximum fine "per count" does not authorize a fine in excess of that maximum for (a) violation(s) set out in a single paragraph in the charging document, which gives no indication that separate counts are intended. Any agency seeking fines in excess of a statutory maximum "per count" would do well to set out discrete allegations in multiple counts, so designated.
Finally, Dr. McGann argues that both the Florida Elections Commission and the ALJ erred in finding that he violated section 106.19(1)(b), because he did in fact report the campaign contributions, albeit tardily. As definitively construed by the Florida Elections Commission, however, the statute requires timely reporting. See Morris v. Division of Retirement, 696 So.2d 380, 383 (Fla. 1st DCA 1997) ("Although `judicial adherence to the agency's view is not demanded when it is contrary to the statute's plain meaning,' an administrative agency's construction of a statute it administers `should be accorded great deference unless there is clear error or conflict with the intent of the statute.'" (citations omitted)).
Reversed and remanded with directions that the Florida Elections Commission impose no penalty greater than the penalty recommended by the administrative law judge.
WOLF and KAHN, JJ., CONCUR.
NOTES
[1] In 1997, the Legislature amended the election laws by, inter alia, creating section 106.37, "Willful violations," which provides:

A person willfully violates a provision of this chapter if the person commits an act while knowing that, or showing reckless disregard for whether, the act is prohibited under this chapter, or does not commit an act while knowing that, or showing reckless disregard for whether, the act is required under this chapter. A person knows that an act is prohibited or required if the person is aware of the provision of this chapter which prohibits or requires the act, understands the meaning of that provision, and performs the act that is prohibited or fails to perform the act that is required. A person shows reckless disregard for whether an act is prohibited or required under this chapter if the person wholly disregards the law without making any reasonable effort to determine whether the act would constitute a violation of this chapter.
Ch. 97-13, § 1, at 86, Laws of Fla. Enacted in 1997, section 106.37 took effect on January 1, 1998. See Ch. 97-13, at 136, § 56, Laws of Fla.
[2] The ALJ found that the assistant general counsel for the Florida Elections Commission "did not necessarily prove willfulness in each of the multiple alleged failures," but that Dr. McGann's "pattern of nonreporting" proved willfulness as to one or more failures to report. Approximately a fifth of the contributions were not reported on time.
[3] The executive director's statement of findings listed, again in a single paragraph, seven contributions (two from the candidate himself totaling $1500 and five others totaling $350).