PER CURIAM.
Josaphat Celestin (“Celestin”) appeals the Florida Elections Commission’s (“FEC”) order imposing monetary sanctions for campaign funds and/or accounting violations. Celestin does not dispute that there were errors in his campaign report. Instead, he alleges that his conduct was not willful and that the FEC erred in failing to consider his financial condition before imposing monetary sanctions against him. We affirm in part, and reverse and remand in part.
Celestin acted as his own campaign treasurer and does not dispute that his conduct does not comply with the requirements of Chapter 106, Florida Statutes (1999). Therefore, we need not go into detail as to the underlying charges against him. We accept the FEC’s findings of fact and affirm the FEC’s order finding that Celestin willfully violated Chapter 106. See § 106.37 Fla. Stat. (1999) [1]; Pasquale v. Florida Elections Comm’n, 759 So.2d 23 (Fla. 4th DCA 2000).
While we conclude that the FEC properly found that Celestin violated chapter 106, we find their sanction was inappropriate. Celestin alleges that he was not given the opportunity to offer mitigating circumstances, i.e., his financial affidavit, at the informal hearing he requested before the FEC. The FEC imposed a $15,000.00 fine, for his violations of Chapter 106. However, there is nothing in the record to indicate how the FEC came up with this particular amount.
It appears that instead of establishing the gravity of each act or omission and then determining a fine for each count, the FEC elected to impose a general fine. This was error. See McGann v. Florida Elections Comm’n, 803 So.2d 763 (Fla. 1st DCA 2001); § 106.265(l)(a) Fla. Stat. (1999).
Section 106.265 lists several factors to be considered regarding the setting of fines. One of the factors to be considered is the gravity of the act or omission. See § 106.265(l)(a) Fla. Stat. (1999). Another factor to be considered is the appropriateness of such a penalty to the financial resources of the person. See *384 § 106.265(l)(c), Fla. Stat. (1999); Diaz de la Portilla v. Florida Elections Comm’n, 2003 WL 22082173 (Fla. 3d DCA September 10, 2003).
Here, Celestin’s financial situation was not taken into consideration and there is nothing in the record to indicate that this was an appropriate sanction. Therefore, we conclude there must be a new hearing on the issue of the penalty. Accordingly, we reverse and remand for a new hearing, with instructions for the FEC to take into account Celestin’s financial situation.
Affirmed in part, and reversed and remanded in part.

. Under Section 106.37, a person willfully violates a provision of this chapter if the person commits an act while knowing that, or showing reckless disregard for whether, the act is prohibited under this chapter, or does not commit an act while knowing that, or showing reckless disregard for whether, the act is required under this chapter. A person knows that an act is prohibited or required if the person is aware of the provision of this chapter which prohibits or requires the act, understands the meaning of that provision, and performs the act that is prohibited or fails to perform the act that is required. A person shows reckless disregard for whether an act is prohibited or required under this chapter if the person wholly disregards the law without making any reasonable effort to determine whether the act would constitute a violation of this chapter. § 106.37, Fla. Stat. (1999)(Emphasis added).