STRINGER, Judge.
Roche Surety and Casualty Company, Inc., challenges the Department of Financial Services’ order concluding that Roche knowingly and willfully failed to pay buildup funds due a bail bond agent upon discharge of liabilities in violation of section *1140 648.29(3), Florida Statutes (2003). We reverse.
Roche and Willie David entered an agency agreement under which Roche held build-up funds to secure open bail bond liabilities posted by David. They terminated their agreement in June 2000. In June 2001 David complained to the Department that Roche had not returned his build-up funds in violation of section 648.29(3), which provides that build-up funds are due and payable not later than six months after final discharge of the liabilities. David had not at that time submitted sufficient documentation to prove that his open liabilities had been met, and therefore the Department gave him a list of what he needed to show to demonstrate a discharge.
Meanwhile, the relationship between Roche and David had become increasingly acrimonious, and David allegedly made defamatory comments about Roche. Consequently, Roche filed a lawsuit in circuit court against David for defamation and civil extortion.
On March 3, 2003, the Department sent Roche a letter advising it that all of David’s outstanding liabilities had been discharged as of August 23, 2002, and placing it on notice of its obligation to repay the build-up funds by February 23, 2003, under section 648.29(3). Four days after receipt of the Department’s letter, Roche, fearing David could be judgment-proof, filed a motion in the circuit court requesting an order allowing it to hold the buildup funds as security or, in the alternative, for a prejudgment writ of attachment. The circuit court conducted a hearing on March 25, 2003, but did not issue its ruling until August 15, 2003. At the hearing, David consented to the entry of the order that allowed Roche to hold the build-up funds until the lawsuit concluded. The Department did not intervene in the circuit court lawsuit.
On September 15, 2003, the Department filed a notice and order to show cause against Roche alleging that it had violated section 648.29(3) by failing to timely return build-up funds to David. Roche responded and requested an adversarial hearing pursuant to sections 120.569 and 120.57(1), Florida Statutes (2003). Following a hearing, the administrative law judge (ALJ) issued a recommended order on January 28, 2004.
In pertinent part, the ALJ accepted Roche’s statement in the circuit court action that David had discharged his open bond liabilities and that pursuant to section 648.29, he was entitled to a return of the build-up funds account. Even so, Roche offered evidence at the administrative hearing that David had not satisfied all of his open bond liabilities. The ALJ made the finding, however, that Roche’s initial representation to the circuit court was supported by the facts. Deferring to the circuit court’s authority in entering the order that suspended the requirement that Roche return the build-up funds, the ALJ recommended that as long as the circuit court order remained in effect, the Department could not establish that Roche was in willful violation of section 648.29(3) for failure to return the build-up funds. See § 624.4211(4), Fla. Stat. (2003) (permitting the Department to impose a fine of up to $20,000 when an insurer willfully fails to comply with section 648.29(3)).
The Department accepted the ALJ’s findings of fact, but took exception to what it deemed to be conclusions of law that disregarded the period between February 24 and August 15, 2003, during which Roche was holding the build-up funds notwithstanding its knowledge of David’s discharge of his liabilities. Accordingly, it concluded that Roche’s viola *1141 tion of section 648.29(3) was knowing and willful and, therefore, imposed a penalty of $10,000. See § 624.4211(3).
Willfulness is a question of fact. McGann v. Fla. Elections Comm’n, 803 So.2d 763, 764 (Fla. 1st DCA 2002). A reviewing agency cannot evade statutory restrictions on its ability to reject an ALJ’s findings of fact by denominating such findings conclusions of law. Id. As we already stated, the Department accepted the ALJ’s findings of fact. Because competent substantial evidence supported those findings, the Department was bound by the ALJ’s findings. See Clark v. Dep’t of Prof'l Regulation, 463 So.2d 328, 333 (Fla. 5th DCA 1985). On appellate review of the agency order, the issue for the appellate court is whether the record contains evidence sufficient to support the original finding of fact by the ALJ. Beverly Healthcare Kissimmee v. Agency for Health Care Admin., 870 So.2d 208, 212 (Fla. 5th DCA 2004).
The Department erred when it recast the ALJ’s finding on willfulness as a conclusion of law. We agree with the ALJ’s finding that the existence of the circuit court order prevented the Department from establishing that Roche was in willful violation of section 648.29(3). We add that our review of the Department’s interpretation of the willful requirement in section 624.4211(4) must be governed by the principle of statutory construction that penal statutes shall be strictly construed in favor of the person against whom the penalty could be imposed. See Dyer v. Dep’t of Ins. & Treasurer, 585 So.2d 1009, 1013 (Fla. 1st DCA 1991).
We accordingly reverse.
ALTENBERND, C.J., and SALCINES, JJ., Concur.