BENTON, J.
 

 On this appeal from an administrative law judge’s corrected final order, the Florida Elections Commission asks us to reverse, insofar as the order declines — citing a lack of statutory authority — to levy a civil penalty against a former candidate found guilty of five violations of the election code. We affirm.
 

 Until the Legislature enacted chapter 2007-30, section 48, Laws of Florida, the Florida Elections Commission had the option under section 106.25(5), Florida Statutes (2006), of hearing matters itself, after probable cause was determined, or of referring them for formal hearing at the Division of Administrative Hearings (just as the Administrative Procedure Act still provides in the case of most other executive branch agencies.) But chapter 2007-30, section 48, Laws of Florida, effected the following changes:
 

 (5) Unless When there are disputed issues of material fact in a- proceeding conducted under ss.-1204569 and 120.57, a person alleged by the Elections Commission to have committed a violation of this chapter or chapter 104 elects may elect, within 30 days after the date of the filing of the commission’s, allegations, to have a formal or informal hearing conducted before the commission, or elects to resolve the complaint by consent order, such person shall be entitled to a formal administrative hearing conducted by an administrative law judge in the Division of Administrative Hearings. The administrative law judge in such proceedings shall enter a final order subject to appeal as provided in s. 120.68.
 

 (Language added by chapter 2007-30 is underscored; language deleted by chapter 2007-30 is struck-through.) For one thing, the amendment made a formal administrative hearing at the Division of Administrative Hearings the default procedure. For another — and central to the present controversy — it conferred some sort of final order authority on the administrative law judge. But it does not specify the nature or scope of the authority, and therein lies the rub.
 

 On April 18, 2006, the Commission received a sworn complaint alleging that Mr. Davis, who tried unsuccessfully to qualify as a candidate for Congress before campaigning for a seat in the Legislature, had violated certain election laws. After an investigation, the Commission entered its order of probable cause charging five violations of provisions in chapter 106, Florida Statutes. Because he did not request a hearing before the Commission, or elect to resolve the matter by a consent order, the matter was referred to the Division of Administrative Hearings for a formal administrative hearing. After hearing evidence on February 15 and May 18, 2009, the administrative law judge entered a final order on June 30, 2009, finding Mr. Davis had violated the election code as alleged in the order of probable cause, and concluded that Mr. Davis should pay a civil penalty of $5,000 ($1,000 for each violation) within 30 days, without specifying where, or to whom the penalty should be paid.
 

 The Commission filed a motion for clarification of final order, requesting that Mr. Davis be ordered to remit the penalty directly to the Commission or, at least, to
 
 *1213
 
 provide the Commission with verification that he had paid the penalty. Purportedly granting the motion for clarification, the administrative law judge entered the corrected final order under review, finding the same violations as before but imposing no penalties. The administrative law judge disavowed any authority to impose a civil penalty: The corrected final order invited the Commission to levy civil penalties on the basis of the fact finding at the Division of Administrative Hearings, but took the position that the administrative law judge lacked any power to impose civil penalties.
 

 Until chapter 2007-30, section 48, Laws of Florida, took effect, administrative law judges’ involvement in Commission cases (if any) ended with entry of a recommended order containing findings of fact, conclusions of law, and a recommendation as to penalty. Even where election code violations were proven, the administrative law judge had no authority to impose any penalty. Imposition of penalties fell to the Commission. The Commission could follow the administrative law judge’s recommendation as to penalty — or not, after review of the entire record,
 
 see
 
 § 120.57(1)(¿), Fla. Stat. (2006) — once the case returned to the Commission from the Division of Administrative Hearings, and after due deliberation concerning “the gravity of each act or omission” found by the administrative law judge to constitute a violation.
 
 Celestin v. Florida Elections Com’n,
 
 858 So.2d 382, 383 (Fla. 3d DCA 2003).
 
 See also McGann v. Florida Elections Com’n,
 
 803 So.2d 763, 766 (Fla. 1st DCA 2001). The amendment to section 106.25(5) that chapter 2007-30, section 48 enacted changed this procedure without mentioning penalties.
 

 Both before and after the amendment, the Commission’s statutory authority to levy civil penalties has been clear:
 

 The commission is authorized upon the finding of a violation of this chapter [Chapter 106] or chapter 104 to impose civil penalties in the form of fines not to exceed $1,000 per count.
 

 § 106.265(1), Fla. Stat. (2006). At issue is whether an administrative law judge has comparable statutory authority.
 

 Only the Legislature can confer on executive branch entities the power to levy civil penalties. Explicitly and in no uncertain terms, the Florida Constitution requires statutory authorization for such power:
 

 No administrative agency,
 
 except the Department of Military Affairs in an appropriately convened court-martial action as provided by law, shall impose a sentence of imprisonment, nor
 
 shall
 
 it
 
 impose any
 
 other
 
 penalty except as provided by law.
 

 Art. I, § 18, Fla. Const. (Emphasis supplied.) Section 106.265(1), Florida Statutes (2006), authorizes the Commission, but not the Division of Administrative Hearings or administrative law judges, to levy civil penalties for election code violations.
 

 We do not find such authorization in section 120.574, Florida Statutes (2006), governing summary hearings, set out in pertinent part in the margin.
 
 [1]
 
 This provi
 
 *1214
 
 sion confers authority on administrative law judges to impose “a fine or penalty, if applicable,” as part of a final order
 
 in summary proceedings.
 
 § 120.574(2)(f)3., Fla. Stat. (2006).
 

 But summary hearings require the agreement of all (original) parties to the proceeding, which would mean here the agreement not only of the Commission, but of Mr. Davis, as well.
 
 [2]
 

 See
 
 § 120.574(1), Fla. Stat. (2006). As provided by section 106.25(5), the present case ended up at the Division of Administrative Hearings because of Mr. Davis’s inaction, not because of his agreement. Once there, moreover, the statute directed that “a formal administrative hearing conducted by an administrative law judge in the Division of Admin-
 

 istrative Hearings” take place. § 106.25(5), Fla. Stat. (2007). A formal administrative hearing contemplates “the formal adjudicatory process described in s. 120.57(1),” not summary proceedings. § 120.574(2)(a)5., Fla. Stat. (2007).
 

 If administrative law judges’ authority to sanction candidates for election code violations is not inferred, the Commission contends, clear violations will go unpunished despite the (Commission’s) statutory authority to impose sanctions. The Commission relies heavily on the proposition that statutes on the same subject should be construed
 
 in pari materia,
 
 citing
 
 For-sythe v. Longboat Key Beach Erosion Control District,
 
 604 So.2d 452, 455 (Fla. 1992).
 
 [3]
 
 The Commission rejects the sug-
 
 *1215
 
 gestión that it impose sanctions for election code violations itself, after the administrative law judge rules, as unworkable, and in any event at odds with the statutory directive that the administrative law judge “shall enter a final order.” § 106.25(5), Fla. Stat. (2007). But the fact remains that no statute authorizes administrative law judges to “impose civil penalties in the form of fines.” Only the Commission is so authorized: “The
 
 commission
 
 is authorized ... to impose civil penalties in the form of fines not to exceed $1,000 per count.” § 106.265(1), Fla. Stat. (2006) (emphasis supplied).
 

 The Legislature well knows how to confer on administrative law judges the power to levy administrative penalties as part of the administrative law judge’s final order authority.
 
 See
 
 § 379.502(2)(d), Fla. Stat. (2009) (providing, in the event of administrative proceedings instituted by the Florida Fish and Wildlife Conservation Commission for violations of section 379.501, “the administrative law judge shall issue a final order on all matters including the imposition of an administrative penalty”); § 403.121(2)(d), Fla. Stat. (2009) (listing remedies available for violations of chapter 403, and conferring final order authority on administrative law judges, expressly including the ability to impose administrative penalties, in administrative actions in which the Department of Environmental Protection requests imposition of administrative penalties); Ch. 2010-100, § 10, Laws of Fla., creating section 556.116(3)(c), Florida Statutes (conferring final order authority under the Underground Facility Damage Prevention and Safety Act to determine whether an “incident” has occurred and providing that the Division of Administrative Hearings “may impose a fine against a violator”). The Legislature conferred no such authority on administrative law judges in the event of violations of the provisions of chapters 104 or 106.
 
 In-clusio unius est exclusio alterius.
 

 The Division of Administrative Hearings is no exception to the rule that “[a]dministrative agencies are creatures of statute and have only such powers as statutes confer.
 
 State ex rel. Greenb[e]rg v. Florida State Bd. of Dentistry,
 
 297 So.2d 628, 634 (Fla. 1st DCA 1974).”
 
 Fiat Motors of N. Am. v. Calvin,
 
 356 So.2d 908, 909 (Fla. 1st DCA 1978). Judicial deference is, of course, owed an agency’s interpretation of a statute the agency is charged with administering.
 
 GTC, Inc. v. Edgar,
 
 967 So.2d 781, 785 (Fla.2007).
 

 An agency’s interpretation of the statute that it is charged with enforcing is entitled to great deference.
 
 See Bell-South Telecommunications, Inc. v. Johnson,
 
 708 So.2d 594, 596 (Fla. 1998). This Court will not depart from the contemporaneous construction of a statute by a state agency charged with its enforcement unless the construction is “clearly unauthorized or erroneous.”
 

 Level 3 Commc’ns, LLC v. Jacobs,
 
 841 So.2d 447, 450 (Fla.2003) (quoting
 
 P.W. Ventures, Inc. v. Nichols,
 
 533 So.2d 281, 283 (Fla.1988)).
 

 Id.
 
 In the circumstances of the present case, however, deference is owed the administrative law judge’s interpretation (on behalf of the Division of Administrative Hearings), not the Election Commission’s. In any event, if reasonable doubt exists as
 
 *1216
 
 to the “lawful existence of a particular power that is being exercised, the further exercise of the power should be arrested.”
 
 Radio Tel. Commc’ns Inc. v. Southeastern Tel. Co.,
 
 170 So.2d 577, 582 (Fla.1964). Particularly against the background of article one, section 18, of the Florida Constitution (“No administrative agency ... shall ... impose any ... penalty except as provided by law.”), reasonable doubt exists here.
 

 Affirmed.
 

 THOMAS and ROWE, JJ., concur.
 

 [1]
 

 . (l)(a) Within 5 business days following the division's receipt of a petition or request for hearing, the division shall issue and serve on all original parties an initial order that assigns the case to a specific administrative law judge and provides general information regarding practice and procedure before the division. The initial order shall also contain a statement advising the addressees that
 
 a summary hearing is available upon the agreement of all parties
 
 under subsection (2) and briefly describing the expedited time sequences, limited discovery, and
 
 final order provisions
 
 of the summary procedure.
 

 (b) Within 15 days after service of the initial order, any party may file with the
 
 *1214
 
 division a motion for summary hearing in accordance with subsection (2).
 
 If all original parties agree, in writing, to the summary proceeding,
 
 the proceeding shall be conducted within 30 days of the agreement, in accordance with the provisions of subsection (2).
 

 (c) Intervenors in the proceeding shall be governed by the decision of the original parties regarding whether the case will proceed in accordance with the summary hearing process and shall not have standing to challenge that decision.
 

 (d) If a motion for summary hearing is not filed within 15 days after service of the division’s initial order, the matter shall proceed in accordance with ss. 120.369 and 120.57.
 

 (2) In any case to which this subsection is applicable, the following procedures apply:
 

 (a) Motions shall be limited to the following:
 

 [[Image here]]
 

 5. During or after any preliminary hearing or conference, any party or the administrative law judge may suggest that the case is no longer appropriate for summary disposition. Following any argument requested by the parties, the administrative law judge may enter an order referring the case back to the formal adjudicatory process described in s. 120.57(1), in which event the parties shall proceed accordingly.
 

 [[Image here]]
 

 (0 The decision of the administrative law judge shall be rendered within 30 days after the conclusion of the final hearing or the filing of the transcript thereof, whichever is later. The administrative law judge's decision, which shall be final agency action subject to judicial review under s. 120.68, shall include the following:
 

 1. Findings of fact based exclusively on the evidence of record and matters officially recognized.
 

 2. Conclusions of law.
 

 3. Imposition of a fine or penalty, if applicable.
 

 4. Any other information required by law or rule to be contained in a final order. § 120.574, Fla. Stat. (2007) (emphasis supplied).
 

 [2]
 

 . We assume for purposes of decision that, if the Commission and Mr. Davis had agreed to proceed under section 120.574, Florida Statutes (2006), the agreement would have conferred authority on the administrative law judge to impose a civil penalty, if appropriate. (Mr. Davis would not, in any event, have been in a position to complain.)
 

 [3]
 

 .
 

 It is axiomatic that all parts of a statute must be read
 
 together
 
 in order to achieve a consistent whole.
 
 See, e.g., Marshall v. Hollywood, Inc.,
 
 224 So.2d 743, 749 (Fla. 4th DCA 1969),
 
 writ discharged,
 
 236 So.2d
 
 *1215
 
 114 (Fla.),
 
 cert. denied,
 
 400 U.S. 964, 91 S.Ct. 366, 27 L.Ed.2d 384 (1970). Where possible, courts must give full effect to
 
 all
 
 statutory provisions and construe related statutory provisions in harmony with one another.
 
 E.g., Villery v. Florida Parole & Probation Comm'n,
 
 396 So.2d 1107, 1111 (Fla. 1980).
 

 Forsythe v. Longboat Key Beach Erosion Control Dist.,
 
 604 So.2d 452, 455 (Fla. 1992).