BENTON, C.J.
Christine Pesta appeals a decision of the Public Employees Relations Commission (PERC) dismissing her career service appeal on grounds PERC lacked subject matter jurisdiction. Because PERC does have jurisdiction to decide whether Ms. Pesta’s employer, the Department of Corrections (DOC), had cause to terminate her employment, we reverse and remand for further proceedings.
Ms. Pesta began as a career service employee with DOC in 1996, and was promoted to Correctional Officer Captain in July of 2008. On May 12, 2009, while she was still on probationary status as captain, DOC issued an “Extraordinary Dismissal Letter” terminating her employment at DOC that day: DOC alleged that she had “engaged in inappropriate and unlawful conduct by participating in the unnecessary use of force” on an inmate by allowing him to be sprayed with chemical agents “even though he was not creating a disturbance at the time.” The letter further alleged that Ms. Pesta falsely maintained in an incident report that the chemical agents were applied to quell a disturbance, and provided false testimony about the incident during an interview with the Inspector General’s Office. Finally, the letter informed her that, as a career service employee with permanent status, she had the right to appeal DOC’s decision to PERC.
*790 Ms. Pesta was also charged criminally. While battery and perjury charges were tried, proceedings at PERC were stayed. After her acquittal on both criminal charges, DOC filed with PERC a motion to dismiss for lack of subject matter jurisdiction, arguing that a career service employee may appeal her dismissal to PERC only if she has been in her current position for at least a year. Ms. Pesta countered that, as a factual matter, DOC had no cause to dismiss her and that, even if DOC did not need eause to remove her as a cáptain (because she was still on probationary status as a captain), she was entitled, as a permanent career service employee, to other employment with the agency. On the purported authority of one of its earlier decisions, Alford v. Department of State, Case No. CS-2009-181 (Fla. PERC Sept. 25, 2009), and section 110.227, Florida Statues (2009), PERC dismissed the appeal on grounds it had no jurisdiction. But see Bourgault v. Dep’t of Carr., Case No. CS-2009-148 (Fla. PERC Aug. 10, 2009).
“Whether a lower tribunal had subject matter jurisdiction is a question of law which we review de novo.” Dep’t of Revenue ex rel. Smith v. Selles, 47 So.3d 916, 918 (Fla. 1st DCA 2010). PERC and other “ ‘[administrative agencies are creatures of statute and have only such powers as statutes confer. State ex rel. Greenb[e]rg v. Florida State Bd. of Dentistry, 297 So.2d 628, 634 (Fla. 1st DCA 1974).’ ” Fla. Elections Comm’n v. Davis, 44 So.3d 1211, 1215 (Fla. 1st DCA 2010) (quoting Fiat Motors of N. Am. v. Calvin, 356 So.2d 908, 909 (Fla. 1st DCA 1978)). In the present case, subject matter jurisdiction is a question of law that requires construction of more than one statute.
PERC “or its designated agent shall hear appeals arising out of any suspension, reduction in pay, demotion, or dismissal of any permanent employee in the State Career Service System in the manner provided in s. 110.227.” § 447.207(8), Fla. Stat. (2009). Such appeals often turn on whether the employing agency can, as a factual matter, prove cause for adverse employment action. At the time of her dismissal, Ms. Pesta was a career service employee who had not, however, completed a one-year probationary period in her then current position. Under section 110.227(1), Florida Statutes (2009), “[a]ny employee who has satisfactorily completed at least a 1-year probationary period in his or her current position may be suspended or dismissed only for cause.” In providing that an employee who has completed the probationary period can appeal a dismissal to PERC, section 110.227(5)(a), Florida Statutes (2009), implies that, until a probationary employee completes the probationary period, the employee may be dismissed from the position without cause and without a PERC hearing.
But section 110.227(8), Florida Statutes (2009), which became effective on January 1, 2009, see Ch. 2008-126, § 1, at 1286-87, Laws of Fla., grants employees like Ms. Pesta the following protections:
A career service employee who is serving a probationary period in a position to which he or she has been promoted may be removed from that promotional position at any time during the probationary period but must be returned to his or her former position, or a comparable position, if such a position is vacant. If such a position is not available, before dismissal, the agency shall make a reasonable effort to retain the employee in another vacant position. This subsection does not apply to terminations for cause as described in subsection (1), nor does it create a right to “bump” an employee from an occupied position as described in paragraph (2)(a).
*791 This section confers no rights on employees terminated for cause, but here Ms. Pesta denies DOC had cause, as a matter of fact, to dismiss her from employment. She asserts entitlement to a hearing on the question.
Entitlement to a hearing at PERC when an employing agency dismisses permanent career service employees from the agency’s employment is not in doubt. Under section 110.227(8), moreover, a career service employee on probationary status only because of a recent promotion has the right to return to his or her former position (or to a comparable position), where the agency has such a position available. Restored to his or her former position (or to a comparable position), a permanent career service employee would unquestionably be able to appeal any dismissal from agency employment to PERC. See § 447.207(8), Fla. Stat. (2009). PERC also has jurisdiction when a permanent career service employee is terminated, even though the employee is on probation because of a promotion, unless termination has been for cause. Like a judicial tribunal, an administrative tribunal has jurisdiction to determine its own jurisdiction. See, e.g., Tabb ex rel. Tabb v. Fla. Birth-Related Neurological Injury Comp. Ass’n, 880 So.2d 1253, 1256-57 (Fla. 1st DCA 2004).
Where an employing agency terminates an employee serving a probationary promotional period, without cause, and does not restore the employee to his or her former position (or the equivalent), the employee has effectively been dismissed not only from the former position but also from the career service altogether. Such an employee has hearing rights at PERC. If PERC finds that the employee was in fact terminated for cause, that is the end of the inquiry. PERC loses jurisdiction and the dismissal stands.
But where, as here, an employee serving a probationary period in a promotional position disputes that she was terminated from DOC for cause, and asserts that there was a position available to which she should have been returned (or transferred) as required by section 110.227(8), the employee is entitled to a hearing at which the question of whether the agency had cause for the termination can be decided. Otherwise an employing agency could strip all permanent career service employees of PERC hearing rights by the simple expedient of promoting them from one career service position to another on one day and firing them from the agency the next.
Reversed and remanded.
PADOVANO and WETHERELL, JJ., concur.