924 So.2d 74 (2006)
John J. FUGATE, Appellant,
v.
FLORIDA ELECTIONS COMMISSION, Appellee.
No. 1D05-2916.
District Court of Appeal of Florida, First District.
February 23, 2006.
Rehearing Denied March 28, 2006.
*75 Keith C. Tischler of Jolly & Peterson, P.A., Tallahassee, for Appellant.
Charlie Crist, Attorney General; Jonathan A. Glogau, Chief, Complex Litigation, Tallahassee, for Appellee.
R.W. Evans and William E. Powers, Jr., of Allen, Norton & Blue, P.A., Tallahassee, for Amicus Curiae/Florida Sheriffs Association.
PER CURIAM.
Appellant was charged with "willfully" violating section 104.31(1)(a), Florida Statutes (2003), which forbids a public official from using his or her official authority or influence for the purpose of influencing another person's vote. See § 106.25(3), Fla. Stat. (2003) (engrafting upon Chapter 104 the requirement that violations thereof be "willful"). Because the term "willful" is not defined in Chapter 104, and because, as will be explained below, the definition of "willful" set forth in section 106.37 cannot, by its plain terms, be applied to alleged violations of any chapter other than 106, the ALJ relied on Metropolitan Dade County v. Dep't of Envtl. Prot., 714 So.2d 512, 516-17 (Fla. 3d DCA 1998), as well as the cases, treatises, and dictionaries cited therein, to define a willful act as one that is voluntarily and intentionally performed with specific intent and bad purpose to violate or disregard the requirements of the law. In the absence of a statute or properly promulgated rule defining the term, the case-law derived definition used by the ALJ was reasonable.
Utilizing this reasonable definition of "willful," the ALJ found that, although appellant had technically violated section 104.31(1)(a), appellant did not intend to violate section 104.31(1)(a), and therefore the appellant's violation was not "willful." The Florida Elections Commission decided that the ALJ used the incorrect definition of "willful" and, applying the definition of "willful" set forth in section 106.37, Florida Statutes (2003), the Commission rejected the ALJ's "non-willful" finding and substituted its finding that appellant's violation was "willful." Appellant was monetarily fined.
Appellant contends that the Commission erred by rejecting the ALJ's conclusion that section 106.37 cannot supply the definition of "willful" for purposes of determining an alleged violation of Chapter 104. On the other hand, the Commission argues that this Court should defer to its application of section 106.37 to alleged violations of Chapter 104 because the Commission is charged with enforcing both Chapters 104 and 106 and because it is section 106.25(3) which engrafts the "willfulness" requirement upon alleged violations of Chapter 104. Based on the plain language of section 106.37,[1] we agree with appellant.
*76 The Commission may promulgate by rule a definition of "willful" to be applied to alleged violations of Chapter 104. However, deference is not due the Commission's election to apply section 106.37 to alleged violations of Chapter 104, because section 106.37 states six times, in plain terms, that section 106.37 applies only to violations of Chapter 106. See Legal Envtl. Assistance Found., Inc. v. Bd. of County Comm'rs, 642 So.2d 1081, 1083-84 (Fla.1994) ("When an agency's construction amounts to an unreasonable interpretation, or is clearly erroneous, it cannot stand.") (citing Woodley v. Dep't of Health & Rehabilitative Servs., 505 So.2d 676, 678 (Fla. 1st DCA 1987)). Had the Legislature intended for section 106.37 to apply to alleged violations of Chapter 104, it could have plainly stated this intention. Accordingly, the Commission erred by rejecting the ALJ's correct conclusion that section 106.37, Florida Statutes (2003), is inapplicable to alleged violations of Chapter 104 and by applying the definition of "willful" set forth in 106.37 to appellant's alleged violation of section 104.31(1)(a).
Appellant also contends that the Commission erred by rejecting the ALJ's factual finding, which was supported by competent substantial evidence (CSE), that appellant's violation was not "willful." The Commission, on the other hand, argues that it did not substitute the ALJ's factual finding. The Commission argues that it merely applied the accepted evidentiary facts to the appropriate legal standard to obtain the only available outcome, which, according to the Commission, is a finding that appellant's violation was "willful." Again, we agree with appellant. "Willfulness is a question of fact [and] the Florida Elections Commission cannot evade statutory restrictions on its ability to reject an ALJ's findings of fact by denominating such findings conclusions of law." McGann v. Fla. Elections Comm'n, 803 So.2d 763, 764 (Fla. 1st DCA 2002) (internal citations omitted). Moreover, appellant is correct that, when the definition of "willful" the ALJ used is applied to the evidentiary facts as found by the ALJ and as adopted by the Commission, the ALJ's factual finding that appellant did not "willfully" violate section 104.31(1)(a) is supported by CSE.
The evidentiary facts of this case are: Appellant was the incumbent Sheriff of DeSoto County. Appellant had suffered a personal tragedy which caused valid confusion among appellant's employees as to whether appellant intended to seek re-election. Appellant's employees were also unsure whether another of the sheriff's employees, Major Wise, was going to be forced from his position by participation in the D.R.O.P. retirement program. Because the employee's pay envelopes were often used to disseminate information to the employees, appellant decided to place into the pay envelopes of his employees a letter explaining that appellant intended to seek re-election and that Major Wise would be allowed to remain in his position. Appellant was aware that he could not use the resources of the Office of Sheriff to campaign or to seek campaign contributions, and so appellant purchased paper and printed the letter on his home computer. After appellant researched the applicable laws to the point where appellant was satisfied that he was not violating any campaign laws, appellant placed copies of the letter into the pay envelopes of his employees. The text of the letter reads as follows:

*77 It hardly seems possible that the second half of the third year of this term of office is upon us and I can only concur with the saying that "time stands still for no one."
For those that have been here for a while, we have made giant strides for the DeSoto County Sheriff's Office in the past two and a half years and for the newer employees, with your help and our combined efforts, I look forward to more success in the future. Thank you for your help and I truly appreciate the service given to the citizens of DeSoto County.
In anticipation of running for a second term of office and as legally required, I have opened my official campaign account. This is the first step in any campaign and this announcement is not to be construed as a request for a contribution to my campaign. I, like you, have been in an employment position when the incumbent was seeking another term of office and can personally relate to pressure applied to assist with the campaign. Please understand that I will, and do value your support in any way that you may be inclined to offer. I also encourage anyone that feels that I have not earned your support in any way in the performance of my duty to feel free to talk to me and you can be assured that it will remain professional and will not be made personal.
On another note, I know that there has been some question as to what was going to happen to the position of Major due to Major Wise being in the Drop program and it coming to an end. It is with great pleasure that I announce that a way has been found for Major Wise to continue in his position and he has made the decision to do so. Major Wise has contributed a great deal to this office and I am very pleased that he will be staying with us.
If anyone has any questions about this letter, I remind you of our "open door" policy and invite you to feel free to stop by and visit with me. Again, thank you and I look forward to our working together to build a better office for the employees and the community.
"If there is competent substantial evidence in the record to support the ALJ's findings of fact, the agency may not reject them, modify them, substitute its findings, or make new findings." Rogers v. Dep't of Health, 920 So.2d 27, 30 (Fla. 1st DCA 2005). See also § 120.57(1)(l), Fla. Stat. (2003). Therefore, the Commission erred by rejecting the ALJ's finding that claimant's violation was not "willful," and by replacing that finding with its own finding that appellant's violation was "willful."
Because the Commission's application of section 106.37 to alleged violations of Chapter 104 is clearly erroneous and because the ALJ's finding of "non-willfulness" is supported by CSE, we reverse the Commission's final order. We remand with instructions that the Commission's new order adopt the ALJ's CSE-supported factual finding that appellant's violation was not "willful." See Brookwood-Walton County Convalescent Ctr. v. Agency for Health Care Admin., 845 So.2d 223, 230 (Fla. 1st DCA 2003).
REVERSED and REMANDED WITH INSTRUCTIONS.
ERVIN, DAVIS and LEWIS, JJ., concur.
NOTES
[1] Section 106.37, Florida Statutes (2003) states:

A person willfully violates a provision of this chapter if the person commits an act while knowing that, or showing reckless disregard for whether, the act is prohibited under this chapter, or does not commit an act while knowing that, or showing reckless disregard for whether, the act is required under this chapter. A person knows that an act is prohibited or required if the person is aware of the provision of this chapter which prohibits or requires the act, understands the meaning of that provision, and performs an act that is prohibited or fails to perform the act that is required. A person shows reckless disregard for whether an act is prohibited or required under this chapter if the person wholly disregards the law without making any reasonable effort to determine whether the act would constitute a violation of this chapter.
(emphasis supplied)