927 So.2d 942 (2006)
Douglas M. GUETZLOE, et al., Appellant,
v.
FLORIDA ELECTIONS COMMISSION, Appellee.
No. 5D05-4.
District Court of Appeal of Florida, Fifth District.
March 10, 2006.
Rehearing Denied May 2, 2006.
*943 Frederic B. O'Neal, Windermere, for Appellant.
Charles J. Crist, Jr., Attorney General, and Lynn C. Hearn, Deputy Solicitor General, Tallahassee, for Appellee.
SEMENTO, L. J., Associate Judge.
Douglas M. Guetzloe, ("Guetzloe") and Guetzloe Communications Group, Inc., ("GCG"),[1] appeal a final order of the Florida Elections Commission, ("Commission"). The Commission found that Guetzloe and GCG violated Florida's campaign finance laws by failing to include disclaimers in, and report expenditures for, certain independent political advertisements.
In 2003, Guetzloe and GCG paid for political advertisements directed against Darlene Yordan, ("Yordan"), a candidate for city commissioner in Daytona Beach. Each of the advertisements contained the words, "Paid political advertisement," and one contained the words, "Pd. Pol. Adv. Paid for personally by Doug Guetzloe, Chairman of Ax the Tax. Ax the Tax is an issues-only political committee and does not make political endorsement." Guetzloe also bought air time for two radio advertisements which urged people to vote against Yordan. Both advertisements provided that they were paid for by "Doug Guetzloe, Chairman of Ax the Tax," and one stated that Guetzloe had approved the advertisement. Guetzloe failed to provide a written statement informing the radio stations that the advertisements had not been approved by any candidate. He also mailed a flyer that supported a number of candidates for public office, including the City Commission, which contained the words "Paid political advertisement, paid for by Doug Guetzloe, independent of any candidate or campaign."
Guetzloe did not file an expenditure report with the Daytona Beach City Clerk, but did file a memorandum with the Clerk that listed expenditures of $4,476.80 for radio advertisements, printing, postage and telephone calls. However, the actual expenditures totaled $9,790.84. Yordan filed multiple complaints claiming that Guetzloe and GCG violated numerous campaign finance laws.
Following an investigation, the Commission found probable cause to conclude that Guetzloe and GCG violated section 106.071(1), Florida Statutes (2003) by failing to include disclaimer/disclosure language in the advertisements. Guetzloe *944 requested a formal hearing, but the Commission denied the request after finding that he had failed to identify the facts in dispute.[2] Instead, the Commission set an informal hearing and subsequently entered a final order finding that Guetzloe and GCG violated:
(1) Section 106.071(1) by failing to include the proper disclaimer on political advertisements paid for by independent expenditures;
(2) Section 106.071(1) by failing to timely file periodic reports of independent expenditures of $100 or more, on three separate occasions;
(3) Section 106.143(4)(b) by making independent expenditures for political advertisements submitted to radio stations for distribution and by failing to provide the station with a written statement that no candidate approved of the advertisements; and
(4) Section 106.19(1)(c) by writing a memorandum to the clerk reporting expenditures totaling $4,476.80 and by failing to file any report of the actual expenditures of $9,790.84.
The Commission determined that Guetzloe's actions were willful,[3] and imposed $12,000 in fines.
On appeal, Guetzloe asserts that the Commission erred in finding him guilty of violating provisions of section 106.071(1) that require advertisements to display the name and address of the person who paid for the advertisements, because those provisions were stricken as unconstitutional by the Florida Supreme Court in Doe v. Mortham, 708 So.2d 929 (Fla.1998). Section 106.071(1) (2003) provided:
Each person who makes an independent expenditure with respect to any candidate or issue, which expenditure, in the aggregate, is in the amount of $100 or more, shall file periodic reports of such expenditures in the same manner, at the same time, and with the same officer as a political committee supporting or opposing such candidate or issue. The report shall contain the full name and address of each person to whom and for whom each expenditure has been made; the amount, date and purpose of each such expenditure; and the name and address of, and office sought by, each candidate on whose behalf such was made. Any political advertisement paid for by an independent expenditure shall prominently state "Paid political advertisement paid for by [name of person or committee paying for advertisement] independently of any [candidate or committee]," and shall contain the name and address of the person paying for the political advertisement.
In Doe, the Court declared that every disclosure requirement in section 106.071(1), save for the words "Paid political advertisement," violated the First Amendment. 708 So.2d at 935. The Court eliminated the requirement that advertisements contain the name and address of the person sponsoring them and the requirement that each advertisement indicate that it is done independently of any candidate or committee. The Court stated:
To comport with the First Amendment, the last sentence in section 106.071(1) must be truncated to read: "Any political advertisement paid for by an independent *945 expenditure shall prominently state `Paid political advertisement.'"
Id. at n. 17.
The Commission argues that Doe is inapplicable in this case, and attempts to distinguish the facts here from those in McIntyre v. Ohio Elections Commission, 514 U.S. 334, 115 S.Ct. 1511, 131 L.Ed.2d 426 (1995). In that case, Mrs. McIntyre stood outside a public meeting at a middle school with her son handing out leaflets which she had composed on her home computeropposing a school tax levy. The leaflets did not contain her name as required by the Ohio statute. She was convicted and fined. The Supreme Court struck the entire statute as unconstitutional, holding that "independent communications by an individual" embody the essence of the First Amendment. Id. at 335, 115 S.Ct. 1511. Here, Guetzloe used the name of a registered political committee, Ax the Tax, and nearly $10,000 from his political consulting firm, to conduct a direct mail campaign and radio advertisements calling for the defeat of a specific candidate. The Commission argues that Guetzloe's speech is not the type addressed in Doe or McIntyre, and that even if those cases do apply to Guetzloe, they could not apply to GCG since it is not an individual. We disagree.
Nothing in Doe suggests that the court intended to strike the identification requirement in section 106.071(1) only as it applied to individuals using modest resources. Such an interpretation would raise significant questions as to whom the truncated part of the statute applies, and we decline to apply Doe in such a fashion. Clearly, the court struck the offending language to preserve the constitutionality of the statute, intending that it apply equally to all individuals without regard to economic or other classifications. Further, section 106.071(1) applies to any "person," which is specifically defined to include a corporation.[4] Thus, Doe and McIntyre apply to GCG. The Commission erred in finding that Guetzloe and GCG violated the provisions of section 106.071(1).
Next, Guetzloe argues that because the disclosure requirements in section 106.143(4)(b) are similar to those found in section 106.071(1), they are also barred by Doe. We disagree. Doe did not address section 106.143(4)(b), and this court cannot find any legal basis to extend Doe to bar the candidate approval disclaimers required therein. The Commission correctly found that Guetzloe and GCG violated the statute by failing to identify the person or organization sponsoring the advertisements.
Finally, Guetzloe argues that the Commission's finding that he willfully violated the statutes is not supported by the evidence, and asserts that the commission erred in denying his petition for an evidentiary hearing on that issue. Willfulness is a question of fact, not law. See, e.g., Roche Sur. & Cas. Co. Inc., v. Dept. of Financial Serv. Off. of Ins. Reg., 895 So.2d 1139 (Fla. 2d DCA 2005). Here, the determination of willfulness was also based in part on a legal issue; the effect of Doe on the applicable statutes. Where there are questions of law and fact, an evidentiary hearing is required. E.g., Spuza v. Dep't of Health, 838 So.2d 676, 678 (Fla. 2d DCA 2003). The Commission's failure to allow Guetzloe and GCG an evidentiary hearing on the issue of willfulness constitutes reversible error.
The final order of the Commission is reversed as to the violation of section 106.071(1), affirmed as to the violation of *946 section 106.143(4)(b), and reversed and remanded for a formal hearing on the issue of willfulness.
REVERSED AND REMANDED for further proceedings consistent with this opinion.
PLEUS, C.J., and HARRIS, Senior Judge, concur.
NOTES
[1] Guetzloe is chairman and treasurer of "Ax the Tax," a political committee, and president of Guetzloe Communications Group, Inc., a political consulting firm.
[2] See Fla. R. Admin. Proc. 28-106.201.
[3] The Commission noted that Guetzloe still owed money to the State for an unpaid fine that resulted from a prior violation of section 106.19(1)(c).
[4] Section 106.011(8), which contains definitions for terms used in chapter 106, defines "person" broadly to include "an individual or a corporation. . . ."