955 So.2d 61 (2007)
Thomas L. WILLS, Jr., Appellant,
v.
FLORIDA ELECTIONS COMMISSION, Appellee.
No. 1D06-3439.
District Court of Appeal of Florida, First District.
April 4, 2007.
*62 G. "Hal" Johnson, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Lynn C. Hearn, Deputy Solicitor General, Tallahassee, for Appellee.
PER CURIAM.
Thomas Wills appeals the final order of the Florida Elections Commission (FEC), arguing the FEC inappropriately rejected or modified findings of fact made by the Administrative Law Judge. The FEC argues Wills lacks standing to bring this appeal because, ultimately, the Final Order gave Wills the relief he sought, dismissal of the charges. We conclude Wills has standing to bring this appeal, and that the FEC erred by rejecting or modifying the ALJ's findings of fact. Accordingly, we reverse.
Wills is a law enforcement officer who has served 23 years with the West Palm Beach Police Department (WPBPD), and has served as a lieutenant for over three years. In March, 2005, the FEC entered an order of probable cause charging Wills with two violations of Florida's election laws.
Count 1 alleged Wills asked employees under his supervision to attend a political rally for Ric Bradshaw, a candidate for Palm Beach County Sheriff, and count 2 alleged Wills threatened a police officer because the officer had, a week earlier, made a comment about joining a group of Bradshaw's opponents at a rally. In both counts, the FEC charged Wills "used his official authority or influence for the purpose of attempting to coerce or influence another person's vote or affecting the results of an election" in violation of section 104.31(1)(a), Florida Statutes. Wills petitioned for a formal administrative hearing, and the matter was referred to an ALJ.
Subsequently, the ALJ entered a Recommended Order finding Wills committed no wrongdoing, and recommending the charges be dismissed. In essence, the ALJ found Wills neither intended to nor did he use his influence to coerce anyone to attend the Bradshaw rally, and Wills' purpose in calling a subordinate officer into his office was to speak with him for having made disrespectful comments to Wills while Wills was briefing his squad, and reminding the officer that he had been disrespectful during squad briefings on more than one occasion. The ALJ's findings were supported by competent, substantial evidence.
Ultimately, the FEC entered a Final Order dismissing the charges. However, in doing so, it rejected or modified portions of the ALJ's findings of fact and substituted its own findings, which contradicted those of the ALJ. To reach its alternate findings, the FEC impermissibly reweighed the evidence and made inferences contrary to those reached by the ALJ. See e.g., Heifetz v. Dep't of Bus. Reg., 475 So.2d 1277 (Fla. 1st DCA 1985) (holding agency may not reject an ALJ's findings of fact, which are supported by competent, substantial evidence, nor is it authorized to reweigh the evidence, resolve conflicts in testimony, draw inferences, judge credibility *63 of witnesses, or otherwise interpret the evidence).
Based on its substituted findings, the FEC concluded Wills committed the charged offenses, but that the FEC was required to dismiss the charges against him based on a technicality (i.e., this court's issuance of Fugate v. Fla. Elections Comm'n, 924 So.2d 74 (Fla. 1st DCA 2006)). As Wills correctly argues, the FEC's substituted findings place in question Wills' professional reputation and good moral character, and leave him vulnerable to investigation and discipline before the Criminal Justice Standards and Training Commission or through WPBPD internal proceedings.
The Criminal Justice Standards and Training Commission is the professional board that regulates law enforcement officers. See § 943.1395, Fla. Stat. Section 943.1395 establishes standards for law enforcement employment, certification, revocation, suspension and investigation. See id. Section 943.1395(5), Florida Statutes, provides:
(5) The employing agency must conduct an internal investigation if it has cause to suspect that an officer is not in compliance with, or has failed to maintain compliance with, s. 943.13(4) or (7). If an officer is not in compliance with, or has failed to maintain compliance with, s. 943.13(4) or (7), the employing agency must submit the investigative findings and supporting information and documentation to the commission in accordance with rules adopted by the commission. The commission may inspect and copy an employing agency's records to ensure compliance with this subsection.
Id. (emphasis added). Section 943.1395(7), Florida Statutes, provides:
(7) Upon a finding by the commission that a certified officer has not maintained good moral character, the definition of which has been adopted by rule and is established as a statewide standard, as required by s. 943.13(7), the commission may enter an order imposing one or more of the following penalties.
Id. (emphasis added). The penalties include: revocation of certification; suspension of certification not to exceed 2 years; placement on probationary status not to exceed 2 years, subject to terms and conditions imposed by the Commission; successful completion of specified training; and/or issuance of a reprimand. See id.
In sum, if the FEC's modified findings were permitted to stand, there will be a Final Order finding Wills willfully used his position to coerce or influence another person's vote, including threatening a subordinate, but he escaped a disciplinary action due to a technicality. This Final Order would give the WPBPD "cause to suspect" Wills had not maintained good moral character, which is a statutory requirement for his continued certification and employment. Upon "cause to suspect," the WPBPD would be required to conduct an investigation. Logic would suggest it would consider the findings contained in the Final Order in reaching its conclusion as to whether Wills had failed to maintain "good moral character." If the investigation concludes he did not maintain good moral character, Wills is subject to imposition of any of the penalties discussed above.
Clearly, the modified findings contained in the FEC's Final Order would provide a basis for future disciplinary proceedings against Wills. Consequently, although the Final Order dismissed the charges against him, he is adversely affected by the FEC's modified findings, and has standing to institute this appeal. See Rabren v. Dep't of Prof'l Reg., 568 So.2d *64 1283, 1288 (Fla. 1st DCA 1990) (holding pilot had standing to appeal final order even though charges were dismissed; agency's statements in conclusions of law would be used against him as precedent in later proceeding or as evidence of incipient policy); c.f., Bodenstab v. Dep't of Prof'l Reg., Bd. of Medicine, 648 So.2d 742 (Fla. 1st DCA 1995) (holding doctor had no standing to appeal favorable final order, which left his reputation intact, and where a reasonable reader could only conclude doctor's reputation was as good as any of the Florida doctors he had been invited to join).
In conclusion, each of the ALJ's findings rejected by the FEC were supported by competent, substantial evidence. The FEC reversibly erred by rejecting these findings and substituting their own. That portion of the FEC's Final Order that rejects or modifies the ALJ's findings is REVERSED, and the case REMANDED for the FEC to reinstate the ALJ's factual determinations in their entirety.
REVERSED and REMANDED for proceedings consistent with this opinion.
DAVIS, PADOVANO, and HAWKES, JJ., concur.