962 So.2d 390 (2007)
Judy K. BEARDSLEE, Appellant,
v.
FLORIDA ELECTIONS COMMISSION, Appellee.
No. 5D06-4314.
District Court of Appeal of Florida, Fifth District.
August 10, 2007.
*391 Frederic B. O'Neal, Windermere, for Appellant.
Bill McCollum, Attorney General, and Jonathan A. Glogau, Chief, Complex Litigation Division, Office of the Attorney General, Tallahassee, for Appellee.
PLEUS, J.
Judy K. Beardslee challenges a final order of the Florida Elections Commission (FEC) finding her guilty of failing to report an election contribution to her campaign and fining her $1,000. Specifically, she argues that her husband's purchase of $148.56 in campaign yard signs from a joint personal bank account of the parties was not an unreported campaign "contribution," but rather was an "independent expenditure" not subject to the reporting requirement. Alternatively, Beardslee maintains that her failure to report the "contribution" was not shown to be willful.
Our review of the FEC's action consists of determining whether competent substantial evidence supports the agency's findings of fact while legal determinations are reviewed de novo. Wise v. Dep't of Mgmt. Servs., 930 So.2d 867 (Fla. 2d DCA 2006). An appellate court typically defers to the administrative agency on matters of interpretation of statutes and rules within the agency's purview, so long as that interpretation is consistent with legislative intent and is supported by substantial competent evidence. Cagle v. St. John's County Sch. Dist., 939 So.2d 1085 (Fla. 5th DCA 2006).
As to the first issue, subsections 106.011(3) and (5)(a), Florida Statutes (2004), define campaign "contribution" and "independent expenditures" in relevant part as follows:

*392 (3) "Contribution" means:
(a) A gift, subscription, conveyance, deposit, loan, payment, or distribution of money or anything of value, including contributions in kind having an attributable monetary value in any form, made for the purpose of influencing the results of an election or making an electioneering communication. . . .
. . . .
(5)(a) "Independent expenditure" means an expenditure by a person for the purpose of expressly advocating the election or defeat of a candidate or the approval or rejection of an issue, which expenditure is not controlled by, coordinated with, or made upon consultation with, any candidate, political committee, or agent of such candidate or committee. An expenditure for such purpose by a person having a contract with the candidate, political committee, or agent of such candidate or committee in a given election period shall not be deemed an independent expenditure.
The significance of the distinction is this: contributions must be reported by the candidate in accordance with section 106.07, Florida Statutes (2004), while independent expenditures in the amount of $100 or more must be reported by the person making such expenditure. § 106.071, Fla. Stat.
Mrs. Beardslee argues that her husband's purchase of the campaign yard signs was an independent expenditure rather than a contribution because Mr. Beardslee did not have an agency relationship with her campaign. She argues that the FEC applied an erroneous test in determining the issue of principal-agency relationship. The ALJ and FEC concluded that Mr. Beardslee's "regular and multiple acts of assistance to [Mrs. Beardslee's] campaign made him an agent of the campaign" and thus the purchase could not be an "independent expenditure." Mrs. Beardslee argues that this focus on the actions of Mr. Beardslee without any finding that she authorized or controlled her husband's actions, renders the legal conclusion invalid.
Mrs. Beardslee focuses too narrowly on the elements necessary to create an agency relationship. While agency is normally a contractual relationship created by agreement of the parties, it may also be inferred from past dealings between the parties. Sapp v. City of Tallahassee, 348 So.2d 363 (Fla. 1st DCA 1977). It may be proved by the facts and circumstances of each particular case, including the words and conduct of the parties. Id. See also Lee v. American Family Life Assur. of Columbus, 431 So.2d 249 (Fla. 1st DCA 1983) (statement contained in contract that relationship is one of independent contractor is not conclusive; agency may be inferred from past dealings between the parties). As further explained in Sapp:
Control and domination need not be actual but may be binding upon the principal if apparent. That is, if the principal has held the agent out to the public as being possessed of the requisite authority, and a third person is aware of his authority and has relied on it to his detriment, the principal is estopped from denying the agency relationship. Id. at 367.
See also Amoroso v. Samuel Friedland Family Enters., 604 So.2d 827 (Fla. 4th DCA 1992).
Competent, substantial evidence exists to support the FEC's conclusion that an agency relationship existed between the Beardslees. It is clear Mr. Beardslee was acting in furtherance of his wife's campaign when he purchased the yard signs. He was active in his wife's campaign and bought the signs with money from the parties' joint checking account. *393 Mrs. Beardslee saw the signs before the election and saw her husband with them. The signs included a disclaimer "Paid Political Advertisement by Judy Beardslee," again reflecting that Mr. Beardslee was not making an independent expenditure, but instead was directly acting on behalf of his wife's campaign. Mrs. Beardslee argues that the FEC's ruling would render "every campaign worker who does `regular and multiple acts of assistance' to a campaign . . . an `agent' of the campaign for reporting purposes" and place an unfair reporting burden on the candidate. The ALJ succinctly disposed of this contention in his recommended order:
Furthermore, it would stretch the meaning of the word "independent" in this context beyond reason to view an expenditure for the direct benefit of a candidate, made by the candidate's spouse, who worked on Respondent's campaign, using money from a checking account jointly owned by the candidate, as an independent expenditure.
As to the second issue, Mrs. Beardslee was sanctioned under subsection 106.07(5), Florida Statutes, which provides:
The candidate and his or her campaign treasurer, in the case of a candidate, or the political committee chair and campaign treasurer of the committee, in the case of a political committee, shall certify as to the correctness of each report; and each person so certifying shall bear the responsibility for the accuracy and veracity of each report. Any campaign treasurer, candidate, or political committee chair who willfully certifies the correctness of any report while knowing that such report is incorrect, false, or incomplete commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
She argues that while she omitted reporting the campaign sign expenditure, no evidence was presented of a willful violation.
The FEC counters that section 106.37, Florida Statutes, contains the following definition of "willful violations":
A person willfully violates a provision of this chapter if the person commits an act . . . showing reckless disregard for whether the act is prohibited under this chapter. . . . A person shows reckless disregard for whether an act is prohibited or required under this chapter if the person wholly disregards the law without making any reasonable effort to determine whether the act would constitute a violation of this chapter.
"Willfulness" is a question of fact. See Guetzloe v. Florida Elections Comm'n, 927 So.2d 942 (Fla. 5th DCA 2006); Fugate v. Fla. Elections Comm'n, 924 So.2d 74 (Fla. 1st DCA 2006). Our review consists of determining whether the final order references competent substantial evidence to support the finding of willfulness.
The ALJ found nothing in the record to suggest "that this omission was studied, purposeful, or otherwise calculated to avoid the requirements of the law." Rather, the inquiry "turns on whether Respondent's certification of the inaccurate treasurer's report was done with reckless disregard for the accuracy of the report." The ALJ continued that while the 2004 campaign was Mrs. Beardslee's first, she admitted to not making much of an effort to inform herself of the election laws. The ALJ continued:
48. [Mrs. Beardslee] signed a "Statement of Candidate" that she had received a copy of Chapter 106, Florida Statutes, and that she read and understood the law. When she signed this statement, she had not read Chapter 106 *394 and could not have understood the law. It appears she has yet to read the law.
49. [Mrs. Beardslee] stated that she "naively" assumed the city clerk would tell her anything she needed to know or do to comply with the election laws.
50. Reporting campaign contributions is arguably the most basic requirement of the election laws. It is the duty of the candidate to read the treasurer's report before signing it and to be alert for any errors which, based on the candidate's own knowledge, appear on the face of the report. Diaz de la Portilla v. Florida Elections Commission, 857 So.2d 913 [(Fla. 3d DCA 2003)] at 921.
51. [Mrs. Beardslee] did not show even minimal interest in ascertaining whether the yard signs might constitute a contribution to her campaign that would have to be reported. A very small effort on [Mrs. Beardslee]'s part would have been sufficient for her to discover that the yard signs had to be reported on her campaign treasurer's report.
52. If, under the facts of this case, [Mrs. Beardslee]'s actions do not constitute reckless disregard for whether she was complying with the reporting requirements of the law, then candidates are free to complacently ignore the election laws and expect to be absolved by a claim of ignorance should any non-compliance be discovered later.
Section 106.37 in defining "willful violations" includes "wholly disregard[ing] the law without making any reasonable effort to determine whether the act would constitute a violation of this chapter." The ALJ's findings, adopted by the FEC, reflect a disinterest and disregard of the election laws on the part of Mrs. Beardslee. On appeal, she argues that she is a lay person running an election campaign in a small town which somehow excuses her disinterest in the laws applicable to election campaigns. Chapter 106 does not distinguish between "big time" election campaigns and modest campaigns. It requires candidates for public office to make some effort to acquaint themselves with election laws. The ALJ found Mrs. Beardslee made no such effort and that finding, adopted by the FEC, is sufficient to establish a willful violation.
AFFIRMED.
LAWSON and EVANDER, JJ., concur.