NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MYRDALIS DIAZ-RAMIREZ, M.D.,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellant,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Case No. 2D18-1249
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
DEPARTMENT OF HEALTH,⠀⠀⠀⠀⠀⠀)
BOARD OF MEDICINE,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellee.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
_____)

Opinion filed July 3, 2019.

Appeal from the Department of Health,
Board of Medicine.

Jon M. Pellett of The Doctors Company,
Jacksonville, for Appellant.

Christine E. Lamia, Chief Appellate
Counsel and Katelyn R. Boswell,
Assistant General Counsel, Florida
Department of Health, Tallahassee,
for Appellee.

ATKINSON, Judge.

⠀⠀⠀⠀⠀Myrdalis Diaz-Ramirez (Diaz-Ramirez), a licensed physician in Florida and

Oregon, appeals the final order of the Department of Health, Board of Medicine (the

Board).  Because Diaz-Ramirez has not been adversely affected by the Board's action,

we dismiss the appeal for lack of standing.  See § 120.68(1)(a), Fla. Stat. (2018) ("A party who is adversely affected by final agency action is entitled to judicial review.").

The Board filed an administrative complaint against Diaz-Ramirez alleging a violation of section 456.072(1)(bb), Florida Statutes (2013).  After an Administrative Law Judge (ALJ) of the Division of Administrative Hearings conducted a hearing on the matter, the ALJ issued a recommended order recommending that the complaint be dismissed.  The Board issued a final order dismissing the complaint against Diaz-Ramirez but modified portions of the recommended order.  Diaz-Ramirez argues that the Board violated section 120.57(1)(*l*), Florida Statutes (2018), by making the modifications.

Despite the Board's dismissal of the complaint, Diaz-Ramirez contends she has standing because the Board's modifications place her in a negative light, damage her professional reputation, and could subject her to possible discipline by other entities.  The changes to the ALJ's recommended order regard the construction of a statute and the interpretation of a prior judicial opinion.  Diaz-Ramirez has not demonstrated that the modifications have the potential to affect her professional reputation or the light in which she is perceived.  See Bodenstab v. Dep't of Prof'l Regulation, 648 So. 2d 742, 743 (Fla. 1st DCA 1994) (finding a doctor did not have standing where the record refuted his argument that he was adversely affected by portions of an order granting licensure).  Nor under the circumstances of this case has Diaz-Ramirez proven that her claims of potential discipline by other entities are more than mere speculation.  See Martin Cty. Conservation All. v. Martin County, 73 So. 3d 856, 861–64 (Fla. 1st DCA 2011) (holding that appellants' basis for standing on appeal

- 2 -

was insufficient where it was based on speculation regarding future judicial interpretations of amendments to the county's growth plan); cf. Wills v. Fla. Elections Comm'n, 955 So. 2d 61, 63–64 (Fla. 1st DCA 2007) (holding that a law enforcement officer had standing to appeal final order, even though charges were dismissed, because the Florida Elections Commission's modified findings of fact would *require* the West Palm Beach Police Department to investigate him); Rabren v. Dep't of Prof'l Regulation, 568 So. 2d 1283, 1288 (Fla. 1st DCA 1990) (holding that pilot had standing to appeal final order, despite the administrative complaint being dismissed, due to the "fact that there are [new] pending charges against appellant based upon the legal conclusion contained in the final order").

We conclude that Diaz-Ramirez lacks standing to bring this appeal as she did not establish that she is adversely affected by the Board's modifications to the ALJ's recommended order.  See Petito v. Constr. Indus. Licensing Bd., 99 So. 3d 552, 552–53 (Fla. 1st DCA 2012) (finding that the appellant lacked standing where he obtained the relief he sought from the licensing board and did not demonstrate a basis for apprehension that as a result of the proceeding he would be disciplined in the future); Bodenstab, 648 So. 2d at 743.

Dismissed.

CASANUEVA and KELLY, JJ., Concur.